## W. K. INGERSOLL *v.* C. S. JEFFORDS.

TAXES. *Payment by person to whom legally assessed gives a lien. Case in judgment.*

A tract of land was assessed to J., who held a tax title thereto. It was sold, under a decree of the bankrupt court, as a part of the assets of E., and was purchased by I. J. had been paying the taxes on the land before the sale, and the court directed the commissioner making the sale to repay him the taxes so paid out. J. acquiesced in the decree. But some months after the sale, and on the last day allowed by law for the payment of the taxes of the then current year, J., under protest, paid the taxes assessed against him on this land. He then filed his bill against I., to compel the repayment of the

last-mentioned taxes. *Held*, that the assessment constituted a lien against all the property of J., and, by payment of the taxes, he not only acquired a personal demand against I., but was subrogated to the lien of the state against the land, as if a purchaser under section 1718 of the Code of 1871.

APPEAL from the Chancery Court of Issaquena County.

Hon. CHARLES CLARK, Chancellor.

This is an appeal from the order of the Chancery Court overruling a demurrer to the bill of complaint. The other facts of the case are stated in the opinion of the court.

*W. K. Ingersoll*, appellant, *pro se*.

1. The claim of Jeffords for taxes was reserved by the decree of the court, with his assent, against the proceeds of the sale, which were amply sufficient to protect him. Jefford's rights could not be held against the proceeds of the sale, and against the land, too. He had no claim on the land, and he could not pay the taxes and thereby acquire the rights of an incumbrancer.

2. Jeffords was not a tenant in common of the land with Ingersoll. He did not allege in his bill that he was, nor did he allege the facts to constitute him such. But he claims to be entitled to reimbursement for all of the taxes paid on the land, as well as for damages, and he certainly cannot claim that he should be repaid the portion of the taxes which he claimed to have paid as tenant in common.

3. If the land was assessed to Jeffords, it was his own fault. He should not have had it assessed to himself when it did not belong to him. And if the assessment was made by the assessor of his own volition, Jeffords could have had it corrected, as allowed by law.

*T. C. Catchings*, on the same side, argued the case orally.

*Jeffords & Jeffords*, for the appellee.

1. It is a well-settled rule of equity that all parts of an estate in lands must contribute to the payment of a common charge upon the whole. And if a part owner, to serve his own interest, pays off an incumbrance on the estate, he is subrogated to all the rights and securities which the original owner

of the charge held, and may use them to enforce contribution from his co-tenants. 1 Washb. on Real Prop. 213; 2 ib. 166, 186, 187, 200; Story's Eq., secs. 477, 483; 51 Miss. 72.

2. The assessment of real estate can be changed only by application to the Board of Supervisors. This court will take judicial cognizance of the regular meetings of that board; and the court knows judicially that the Board of Supervisors held no meeting between November 28th, the day the sale to Ingersoll was confirmed, and December 6th, the day the taxes were paid by Jeffords; so that Jeffords had no opportunity to have the assessment-roll corrected.

3. Where one tenant in common pays the taxes on the estate, he is entitled to contribution from his co-tenant, and is entitled to charge the estate with a lien, though there may have been no agreement to that effect: *Davidson* v. *Wallace*, 53 Miss. 475.

*W. L. Nugent*, on the same side, argued the case orally.

CHALMERS, J., delivered the opinion of the court.

Jeffords held a tax deed to certain lands in Issaquena County, which had been the property of one Edrington, a bankrupt. These lands were, by decree of the bankrupt court in a proceeding to which Jeffords was a party, ordered to be sold, and the commissioner making the sale was directed to repay to Jeffords all taxes paid out by him, with the lawful damages and interest. In this decree Jeffords acquiesced. At the sale, Ingersoll became the purchaser of the land. By the sale, Jeffords' claim upon the land was to be wholly extinguished, according to the terms of the decree, and he was to become thenceforth a creditor of the fund arising from the sale, in the hands of the commissioner. Some months after the sale he paid the taxes due on the land for the then current year, and now brings this bill against Ingersoll to compel repayment of these last-mentioned taxes, with interest and damages. It is insisted by the demurrer that, having no longer

any connection with the land, his payment of the taxes is to be deemed that of a stranger and volunteer, and that, therefore, he can assert no claim, either against Ingersoll or against the land, for reimbursement.

It is undoubtedly true that a party who has no connection with, or interest in, or claim upon, land can neither acquire a lien upon it nor an enforceable demand against the owner, by a voluntary and unauthorized payment of the taxes due on it.

But the bill shows that the land stood in Jeffords' name upon the tax-collector's books, and that it had been properly assessed to him at a time when he was the holder of the legal title by virtue of his tax deed. This assessment, properly made against him, constituted a lien superior to all others, and bound, not only the land in question, but all the real and personal property of which he was possessed. Code 1871, sec. 1665. He avers that he waited until the last day limited by law, before paying the taxes, in the hope that Ingersoll would pay them, and that when the latter failed to do so he paid them himself, under protest.

Under these circumstances he had a right to make the payment, and cannot be regarded as a mere volunteer. While it is true that he might by timely application have had the assessment-rolls corrected, so as to show the changed ownership, he could not have done this after the time for making payment had expired, and he had a right, up to that time, to rely upon the expectation that Ingersoll would pay the taxes, as he was in duty bound to do. We think that his payment gave him, not only a personal demand against Ingersoll, but that he was subrogated to the lien of the state against the land, just as a purchaser at a tax sale would have been under the provisions of section 1718 of the Code of 1871.

It is urged that, under section 1705 of the Code, Jeffords" liability for taxes ceased with redemption, and that the decree of the bankrupt court amounted to a redemption ; but the record shows that at the time Jeffords paid the taxes sued for he had received nothing under that decree. It is a substantial redemp-

tion by the reception of the money, and not a fictitious one, that the statute contemplates.

We remark that this decision does not extend to the case of a party making payment upon land erroneously assessed to him. The land here had been properly assessed to Jeffords, and upon that fact we rest the decision.

Order overruling demurrer affirmed, and sixty days given defendant to answer.