E. H. COGBURN v. MARGARET HUNT.

1. TAX SALE. *Rights of purchaser. Failure to sell at auction.*
   The purchaser of a tax title from the State can charge the land under
   Code 1871, § 1718, if it is in the list of lands sold to the State, al-
   though the tax collector, under an agreement with the owner, does
   not offer it on the sale-day with other lands.

2. SAME. *Refunding the purchase-money. Charging the land.*
   Except in the state of case provided for by Code 1871, § 1719, where
   the State and county refund the money received by them respectively,
   the purchaser of land sold for taxes, if from any cause he fails to get
   title, may charge the land.

ERROR to the Chancery Court of Warren County.

Hon. UPTON M. YOUNG, Judge.

*Nugent & McWillie,* for the plaintiff in error.

The omission to offer the land for sale, under the circum-
stances of this case, cannot affect the appellant's right to charge
it under Code 1871, § 1718. The land was sold to Cogburn by
the State, and the claim for taxes and damages results from
Hunt's non-payment. *Cogburn* v. *Hunt,* 56 Miss. 718. The
absence of a sale to the State cannot affect the question. This
court, in its former opinion, decided that the conveyance to the
State was a nullity. The title was void, and could not be
made worse by the absence of an auction. Cogburn is a pur-
chaser at a tax sale, and entitled to the protection of the
statute.

*W. L. Nugent,* on the same side, argued orally.

*Miller & Hirsh,* for the defendant in error.

The land was never sold for taxes to the State, and Code
1871, § 1718, does not apply. The former opinion in this
case (*Cogburn* v. *Hunt,* 56 Miss. 718) implies that no de-
fect in a tax sale can exist which the statute does not cover.
But this is a case in which there is no tax sale. Both the
statute and the opinion are by their terms applicable only to
cases in which there has been a sale. To apply the statute to
this case will be judicial legislation. Clearly the statute does
not contemplate the absence of the sale.

*W. P. Harris*, on the same side, argued orally and in writing.

The position now taken by counsel, that a sale by the State is a tax sale within the meaning of Code 1871, § 1718, whether there was ever, in fact, a tax sale by the collector or not, is clearly untenable. It is questionable whether the section applies to a purchaser from the State; but obviously, if it be held to apply to sales by the State, it must be confined to cases where the State is a purchaser at the collector's sale. The section was intended to apply to omissions as to the manner, time and place of sale, and the proceedings to make the assessment effectual, such as its due return and the appropriate action thereon. The objection here does not arise from the revenue law. It is founded in the law governing transfers of land, and the general law of evidence. It is not that the alleged sale was defective, but that there is no evidence of any sale. The list of sales certified is of no higher dignity than a deed. It is *prima facie* evidence of a sale according to law, if otherwise it shows a sale of any land, but it is *res inter alios acta* as to the owner of the land who is not a party to it or bound by its recitals. 2 Wharton Evid. § 1039. It is admitted that there never was a sale. To subject the land to a claim founded on the statutory lien would be a departure from all precedent, and do violence to the statute.

CAMPBELL, J., delivered the opinion of the court.

The lot of Mr. Hunt was subject to taxation. It was not exempt. An effort was made to subject it to taxation, but it was insufficiently described to make the assessment and sale of it valid. Therefore, the title could not pass by a sale for taxes. *Cogburn* v. *Hunt*, 54 Miss. 675. But § 1718 of the Code entitles the purchaser at any sale for taxes, who does not get title to the land, to charge it with a lien for what he pays and other charges specified in the statute. It is not a subrogation of the purchaser to the right of the State. It is a statutory right to go against the land to which the purchaser gets no title. Because he fails to get title, he may charge the land; not as merely substituted to the right of the State as to the land, but in order that he may be reimbursed, the statute gives him a right as against the land. If the purchaser were

merely substituted to the right of the State, and the State had none, by reason of a failure of the assessment, he would have no right as to the land.

It is true that, in order to effect justice, a court of equity may apply the doctrine of subrogation, as based on the statute, as in *Ingersoll* v. *Jeffords*, 55 Miss. 37; but the statute confers a right on the purchaser as to the land, by virtue of the fact that he purchased at a sale for taxes and failed to get title. If land is liable to taxation, and an attempt is made to tax it, and the taxes are not paid, and it is sold for taxes, and the purchaser, from any cause, fails to get title, § 1718 of the Code applies. It matters not why the sale may be invalid, the statute entitles the purchaser to charge the land, except in the state of case provided for by § 1719 of the Code, in which case he must look to the State and county, if the taxes were paid into their treasuries. *Cogburn* v. *Hunt*, 56 Miss. 718.

There was, in fact, no offering of the lot for sale at public outcry, because Hunt requested the collector not to sell it, promising to pay the taxes claimed on it in a short time. He failed to pay, and the land was conveyed by the collector to the State, by being placed in the list of lands reported as knocked off to the State at the sale for taxes, and the appellant purchased the lot from the State, which sold on the faith of the record. Hunt's title did not pass to the State, because the requirements of law, as to the manner of making a sale of land for taxes, were not observed; but the land was liable to taxation, and was sought to be subjected thereto, and taxes were claimed, and Hunt recognized the claim, and caused the lot to be withheld from exposure for sale to the highest bidder. He failed to pay the taxes, and the lot was listed as sold to the State. He reposed upon this state of things. The State sold and conveyed the lot to the appellant, who purchased on the faith of the record, made up as we have stated. A sale was made as evidenced by the list, which is a conveyance to the State. Offering land at auction is a *mode* of selling. Hunt was responsible for the failure to pursue the mode prescribed by law for selling. One of two must suffer. The appellant should not. The statute secures his rights.

*Decree reversed and cause remanded.*