The Michigan Mutual Life Insurance Company v. Kroh *et al.*

Filed May 9, 1884; petition for a rehearing overruled Oct. 8th, 1885.

---

No. 11,998.

THE MICHIGAN MUTUAL LIFE INSURANCE COMPANY *v.*
KROH ET AL.

TAX SALES.—*When Void.*—*Personal Property.*—A sale of real estate for taxes, while the owner has available personal property subject to distress and sale, is illegal and void.

SALE.—*Tender within Time for Redemption.*—*Deed.*—*Interest.*—Under sections 227 and 254, 1 R. S. 1876, pp. 124, 128, where an invalid and void sale for taxes has been made, if the land-owner, within the time for redemption and before a deed has been issued to the purchaser, tendered to the proper officer all legal taxes due, together with the lawful interest and charges thereon, a deed subsequently issued would not entitle the purchaser to recover the twenty-five per cent. interest provided for in section 257 of the same act. *Aliter*, if no tender had been made within the proper time.

SAME.—*Quieting Title.*—In such case, the land-owner might quiet his title against the holder of such deed by averring and proving the illegality

of the sale, the tender and bringing of the money into court for the benefit of the purchaser.

SAME.—Section 6466, R. S. 1881, relating to redemption, has reference to sales which are not void.

From the Howard Circuit Court.

*A. N. Grant, J. C. Blacklidge, W. E. Blacklidge* and *B. C. H. Moon,* for appellant.

*C. E. Hendry* and *D. A. Woods,* for appellees.

MITCHELL, J.—Frances M. Kroh brought this action to quiet her title to lot No. 41, in the city of Kokomo. She alleges in her complaint, that the treasurer of Howard county sold part of the lot on the 9th day of February, 1880, for $69.37, the amount of taxes due on the lot and on certain personal property owned by her at and prior to that time, and that at the time the lot was sold she was the owner of an amount of personal property, which she describes, more than sufficient to pay the taxes, and which was available for that purpose; that the treasurer, before selling the lot, did not demand, levy on, nor sell any of the personal property, and that the sale was therefore illegal.

It is further averred that on the 9th day of February, 1882, she being a married woman, and before any deed was made to the purchaser at such sale, she tendered to the county treasurer in payment of the tax, interest, penalty and costs, the sum of $73, which was more than the amount due, and that she has at all times been ready to pay the amount, and that she brings that sum into court for the defendant, who, it is averred, holds a deed under the alleged illegal tax sale.

In a second paragraph she alleges that the treasurer of the city of Kokomo made a like illegal sale, and that she made a like tender to him before a deed was issued, of the amount of taxes, interest, etc., and that the defendant has title under that sale also, and that she was, during all the time, and still is, a married woman.

On the hearing, the court quieted the plaintiff's title, sub-

ject to a lien for $89.88, less $73 tendered on account of the sale made by the county treasurer, and for $78.59, less $66.50 tendered on account of the city taxes. From this decree the insurance company has appealed.

Conceding the invalidity of the tax sale upon the facts stated in the complaint, and admitting Mrs. Kroh's right to redeem, counsel for the insurance company contend that the redemption must have been made under section 208, 1 R. S. 1876, p. 121, which was in force at the time the sale occurred, and having failed so to redeem it is contended the company was entitled to enforce its lien under section 257 of the same statute, giving interest at 25 per cent. 1 R. S. 1876, p. 129.

The sale of the lot, having been made while the owner had available personal property subject to distress and sale, was illegal and void. *McWhinney* v. *Brinker*, 64 Ind. 360; *Morrison* v. *Bank of Commerce*, 81 Ind. 335, and cases cited.

Section 227 of the statute above referred to made it the duty of the auditor upon discovering that a tax sale of real estate was void for any reason to decline to make a conveyance for the land, and provided that the purchase-money should be refunded to the purchaser, with interest, on the order of the auditor.

Section 254 provided, in substance, that no sale of real estate for the non-payment of taxes should be invalid, " unless it shall be made to appear that all legal taxes assessed upon such real estate, together with all legal costs and charges thereon, were tendered to the officer authorized to receive such redemption money, within the time limited by law for the redemption thereof."

Under these statutes, where an illegal sale of land had been made, no authority existed in the auditor to make a deed, but unless the persons whose lands were sold within the time allowed by law for redemption, paid, or offered to pay, all legal taxes, with all legal costs and charges thereon, the presumption would be indulged that the sale was legal, and a deed might be made.

Where, however, as in this case, an illegal sale was made, and the plaintiff, within the time prescribed by section 254, complied with its provisions by tendering the amount of the taxes legally assessed, together with the legal costs and charges, the presumption of legality was destroyed, and no authority existed thereafter to make a deed for her lot, if the sale was in fact illegal.

As the complaint avers that the amount tendered was more than the amount of the taxes assessed against the lot, together with the costs, interest and charges thereon, and as it is averred that the tender was kept good and the money brought into court to be at its disposal, the complaint was sufficient, and the demurrer was correctly overruled.

We think the finding and judgment were more favorable than the appellant had a right to ask, and that there was, therefore, no error in overruling the motion for a new trial.

Judgment affirmed, with costs.

Filed April 30, 1885.

### ON PETITION FOR A REHEARING.

MITCHELL, C. J.—In support of the petition for a rehearing in this case, it is earnestly contended that the decision heretofore rendered is in conflict with that made in the later case of *Helms* v. *Wagner, ante,* p. 385.

In the case under consideration the tax sale was void, and within the time allowed for redemption, and before a deed was executed by the auditor to the purchaser, the owner of the land tendered to the proper officer the amount of all taxes, interest and costs due. The officer refusing to receive it, the amount so tendered was brought into court to be subject to its order.

In *Helms* v. *Wagner, supra,* the tender was not made until after the deed was executed, and until the period for redemption had presumptively expired. The rights of the parties under the different circumstances of the cases are determined

upon different considerations and under provisions of the law entirely different. What we hold in the principal opinion is, that where an invalid and void sale for taxes has been made, if the land-owner, within the time for redemption and before a deed has been issued to the purchaser, tenders to the proper officer all legal taxes due, together with the interest and charges thereon, a deed subsequently issued will not entitle the purchaser to recover twenty-five per cent. penalty as contended for. If, however, the sale is illegal, and no tender has been made within the proper time and until after the issuance of a deed to the purchaser, then the rights of the parties are to be determined as in *Helms* v. *Wagner*, *supra*.

It is contended, however, that a redemption from a tax sale, although such sale was illegal and void, can only be had under the provisions of section 6466, R. S. 1881, which provides for the payment of a penalty of twenty-five per cent. Any other construction, it is said, would discourage purchases of property at tax sales, and thus embarrass the State in the collection of taxes.

The effect of a statutory redemption is to relieve the land from a sale which has been made. If none has been made, or if that attempted is absolutely void, there is no sale from which to redeem. The obligation of the taxpayer, until the making of a deed, remained precisely the same after as before such sale, except that he may have incurred the cost of making it, and was bound to pay interest to reimburse the purchaser in addition. Manifestly, section 6466 has reference to sales which are not void. This is apparent when it is considered in connection with section 6486. This section is the same as section 227, referred to in the principal opinion. It provides that the auditor shall not convey lands to the purchaser which have been illegally sold for taxes, but upon discovering the fact shall refund the purchase-money, with interest, to the purchaser, and shall charge the amount re-

funded against the land on the delinquent tax list, to be collected as other taxes.

What effect, if any, the amendment of 1883 has upon this we need not decide. As the law under which the rights of the parties in this case are to be determined stood, the authority of the auditor to issue a deed was gone upon the discovery that the sale was illegal. He was not·bound to take notice of the illegality of the sale, but if, before the issuance of a deed, the land-owner tendered the money for all taxes legally due, with interest, penalties for delinquency and charges thereon, and the sale was in fact illegal, this discharged his obligation. If, afterwards, as in this case, the auditor issued a deed to the purchaser, it would enable the owner of the land to quiet his title against the holder of such deed by averring and proving the illegality of the sale, the tender and bringing of the money into court for the benefit of the purchaser.

It is said that this view of the case secures to the delinquent taxpayer immunity from the payment of taxes when due by the payment of six per cent. interest, in addition to the penalty for delinquency.

It only secures him immunity in case his property is sold illegally, and from such sales he is entitled to immunity. His property is liable to distress and sale, and it is no hardship to require that it be sold in compliance with law. In no event could the purchaser lose his money, but he took the chance that if the sale was illegal and void, he might only receive it back, with lawful interest, provided it was paid within the time for redemption and before a deed was issued. Tax laws, so far as they relate to redemption, should be liberally construed in favor of the land-owner.

The petition for a rehearing is overruled.

Filed Oct. 15, 1885.