HERBERT D. STETSON, *et al.,* v. W. H. H. FREEMAN.

EJECTMENT by *Stetson* against *Freeman.* The plaintiff brings here for review the judgment in said action rendered at the August Term, 1885, of the district court of Marshall county.

*John V. Coon,* and *J. A. Broughten,* for plaintiff in error.

*W. H. H. Freeman,* defendant in error, for himself.

*Per Curiam:* This was an action in the nature of ejectment,
to recover lot No. 22 of the public square in the city of Blue
Rapids.   The defendant set up title under two tax deeds, one
under a sale made in 1875 for the tax of 1874, and one under
a sale made in 1876 for the tax of 1875.   The court found
that certain sums were included in the tax levies, not author-
ized by law, and that legal notice was not given as to the place
of the tax sales by the county treasurer, and therefore that
the tax sales were illegal and the tax deeds invalid.   The lot,
however, was subject to taxation for the years 1874–5.   The
court rendered judgment in favor of the plaintiff for posses-
sion, but adjudged that the defendant was entitled to recover
the amount of taxes legally levied and actually paid at the
tax sales, with the penalties, interest and costs allowed by
law, aggregating $143.   This sum was also decreed to be a
lien upon the lot, and an order of sale was directed to issue
therefor, if the same was not paid.   The plaintiff claims that
the defendant is not entitled to recover any sum whatever for
taxes, penalties, interest and costs, and if entitled to any sum
that it should not exceed the taxes legally levied, with seven
per cent. interest thereon; this upon the claim that the tax
sales were not legal, and that the tax deeds were wholly void.
Within the frequent decisions of this court, the judgment of
the trial court cannot be disturbed.

In *Smith v. Smith*, 15 Kas. 290, the tax deed was void upon
its face, yet the holder of the tax deed was entitled to recover
the taxes paid, together with the penalties, interest and costs.
In that case it was said the statute "was enacted for void tax
deeds, and not for valid tax deeds.   A person holding under
a valid tax deed has no need of such a statute; only persons
holding under void tax deeds need such a statute."

In *Belz v. Bird*, 31 Kas. 139, this court said:

"It would seem that in all cases of void tax deeds, what-
ever may be the ground upon which the deeds are held to be
void, the holder of the tax deed, when defeated in an action

39 — 36 KAS.

of ejectment, whether he is plaintiff or defendant, may recover the taxes which he has paid."

(See also *Stebbins v. Guthrie,* 4 Kas. 353; *Jeffries v. Clark,* 23 id. 448; *Fairbanks v. Williams,* 24 id. 16; *Harris v. Curran,* 32 id. 580.)

The taxes adjudged to be a lien by the court were those which the law allowed to be levied. The illegal sums included in the levies of taxes were deducted from the amount of taxes paid by the purchaser at the tax sales.