Filed June 5, 1890.

---

No. 12,521.

THE CITY OF LOGANSPORT ET AL. v. CASE.

TAX SALE.—*Execution of Deed.—Injunction.—Tender.—Pleading.*—In an action to enjoin the execution of a deed to the purchaser at a tax sale on account of irregularities in the sale which render it ineffectual to convey title, a paragraph of complaint which alleges that a tender was made of the amount due, but fails to allege that the tender was brought into court for the benefit of the purchaser, is bad.

SAME.—*Purchaser's Lien.—Void Sale.*—A tax sale, although made in violation of mandatory provisions of the statute, vests in the purchaser the lien of the State upon the land upon which the taxes were leviable, in all cases except where the sale was void because the land sold was not liable to taxation, or where the taxes had been paid, or the description of the land was so imperfect as to fail to identify the land, or where the sale was made without authority of law.

The City of Logansport *et al. v.* Case.

SAME.—*Sale Ineffectual to Convey Title, but Carrying Lien of State.—Redemption by Delinquent Taxpayer.—Statute.*—Where a tax sale is ineffectual to convey title, but carries to the purchaser the lien of the State (Section 6488, R. S. 1881), the delinquent taxpayer can redeem from such sale only upon the conditions prescribed by section 6466, R. S. 1881, relating to redemption from tax sales. MITCHELL, C. J., dissents.

From the Cass Circuit Court.

*J. C. Blacklidge, W. E. Blacklidge, B. C. Moon, J. C. Nelson* and *Q. A. Myers*, for appellants.

*D. P. Baldwin*, for appellee.

BERKSHIRE, J.—The appellee, who was the plaintiff below, filed her complaint, originally, in one paragraph, and afterwards, with the permission of the court, added two additional paragraphs.

Pending the trial, the second paragraph was dismissed by the appellee.

By the first and third paragraphs the appellee seeks to enjoin the treasurer and clerk of the city of Logansport from executing to the purchaser a deed to certain real estate for which the appellant Millikan holds a certificate of purchase under a sale for delinquent taxes claimed to be due and owing to said city from former owners of the said real estate, and a cancellation of the certificate is demanded.

The appellants filed demurrers to the said paragraphs of complaint, which were overruled by the court, and they excepted.

In the first paragraph certain irregularities are alleged which are sufficient to render the sale ineffectual to convey title to the purchaser, but there is nothing averred to bring the case within section 6487, R. S. 1881, which was the statute in force when the sale was made, nor to bring it within section 1, p. 95, Acts 1883. (See Elliott's Supp., section 2142).

It is conceded, in this paragraph, that the sale carried with it the sum for which the sale was made, together with lawful interest, and also transferred the lien of the State to

the purchaser; and it is averred that a tender of $501.60 was made to the city treasurer in payment of the amount due.

There is no averment in the paragraph that the tender is brought into court for the benefit of the purchaser. For this reason, if for no other, this paragraph of the complaint is bad.

The third paragraph, in its prefatory averments, is very similar to the first paragraph, and alleges a tender to the treasurer of the city of Logansport of $501.60 for the use of the purchaser at the tax sale, and in the absence of an averment that the amount tendered is brought into court for the use of the purchaser, thus keeping the tender good, it avers that the amount which the appellee should pay can not be ascertained except as it may be fixed by the court, and asks the court to ascertain and fix the amount, and offers to pay the amount so ascertained, and when the amount is ascertained and paid, demands a cancellation of the purchaser's certificate, and a permanent injunction enjoining the city officers from executing a deed.

The amount of the certificate was known to the appellee when she commenced her suit, and had she brought that sum, together with the additional sum which she admitted she ought to pay into court for the purchaser, and in her complaint so informed the court, all objection on this ground to the complaint would have been obviated; but this she did not do, and the paragraph offers no sufficient excuse for her failure so to do. This renders the complaint bad. See *Morrison* v. *Jacoby*, 114 Ind. 84, and cases cited.

The appellants filed an answer in two paragraphs, the first being the general denial.

The second paragraph was stricken out by the court on motion of the appellee, but as this ruling of the court is not material to our conclusion we need not notice it further.

The cause being at issue was submitted to the court for trial, but before the court announced its finding the appellee

brought into court for the use of the appellant Millikan the sum of $535.

The court thereafter found that the sale represented by said certificate was void, but that the said Millikan was entitled to said sum of $535, and afterwards rendered judgment declaring the said tax sale void; that the appellee was the owner of said real estate, and that she recover of the appellant Millikan her costs and charges in the action laid out and expended.

It was further ordered by the court that the said sum of $535, less the costs, be paid to the said Millikan on condition that he execute to the clerk a receipt for the same.

This judgment is a little unusual, to say the least of it. The appellant Millikan filed a motion to modify the judgment, but as the judgment must be reversed we need spend no time in considering this motion.

The appellant Millikan filed a motion for a new trial, which motion the court overruled, and he excepted. He then filed a motion to tax costs, which was overruled, and he excepted, but we need not consider the motion, in view of the conclusion to which we have come.

It is unimportant whether the rights of the parties are to be determined under the law as it stands since the amendment to section 6437, R. S. 1881, by the act of March 5th, 1883, or as it stood before the amendment.

Section 6487, before the amendment, related entirely to sales ineffectual to transfer the lien of the State to the purchaser, and the section as amended relates to sales of the same character. The only difference in the section as it originally stood and as amended, is that the amended section contains the following words not included in the original: " Or if the sale or attempted sale is made without authority of law." These words refer to sales that do not fall within the scope or purview of the statute, and not sales contemplated by the statute; but in the proceedings something is

omitted which the law requires, or something which is required is not done in the manner prescribed.

It is not contended that the sale under consideration was not one contemplated by the statute, nor that the treasurer and clerk of the city had no power under the law to make the sale, but the contention is that they did not proceed in the manner which the statute prescribed.

As the sale was one contemplated by the statute, and one which the officers making it were empowered to make, and as the real estate was subject to taxation, and the tax had not been paid, and the description not so imperfect as to be ineffectual to transfer the lien of the State, it was not a sale falling within said section 6487, as it originally stood, nor within its provisions as amended.

It was a sale falling within the provisions of section 6488, R. S. 1881, and carried to the purchaser the taxes, interest, penalty, and costs, together with the lien of the State, and included all the benefits given by the statute to purchasers at such sales to induce them to purchase. Said section 6488 reads thus:

" If any conveyance for taxes shall prove to be invalid and ineffectual to convey title because the description is insufficient, or for any other cause than the first two enumerated in the preceding section, the lien which the State has on such lands shall be transferred to and vested in the grantee, his heirs and assigns, who shall be entitled to recover from the owner of such land the amount of taxes, interest, and penalty legally due thereon at the time of sale, with interest, together with the amount of all subsequent taxes paid, with interest; and such lands shall be bound for the payment thereof."

Under sales of the character provided in section 6487, supra, the purchaser acquires no legal or equitable claim against the taxpayer or his property; he must look for reimbursement to the city or county causing the sale to be made. But if the sale is one which falls within section

6488, *supra*, the purchaser has no claim against the county or city, but has his lien against the real estate. *State, ex rel.*, v. *Casteel*, 110 Ind. 174; *Morrison* v. *Jacoby, supra.* When the statutes under consideration were passed the General Assembly was well informed as to the invalidity of tax sales as a means of conveying title, and that in all the cases brought to this court involving the validity of tax titles, not one had been found effectual to convey title. Knowing, as we do, that the Legislature was thus informed it would be a violent presumption on our part to presume that section 6466, R. S. 1881, was only intended to apply to sales effectual to convey title, and especially when to do so would remove all inducement to persons to become purchasers at tax sales, and when it appears all through the act that one of the chief objects that the Legislature had in view was to hold out inducements to purchasers. To so construe the statute would be to place the Legislature in the false attitude of making provision for a class of sales that only existed in the imagination, and leaving practically unprovided for all sales that would be—all save the few falling within section 6487, *supra*, and thus giving no encouragement to purchasers, the contrary of which was the evident purpose of the Legislature. The more reasonable conclusion is that the General Assembly took a practical, common-sense view of the situation, and had in mind the worthlessness of tax sales as a means of conveying title to real estate sold, and the large delinquent lists in the different counties throughout the State, and undertook to provide a remedy whereby the revenues of the State could be the more promptly and effectually collected. With this end in view the present laws were enacted, and all sales classified into two classes: Sales absolutely void, and sales valid for all purposes except to convey title, and for that purpose ineffectual. In construing the different sections of the statute for the collection and assessment of taxes the court can not ignore but must regard the classification which the Legislature has made as to

tax sales. If we regard and keep in mind the classification made by the General Assembly we need have no difficulty in ascertaining and determining the rights of a purchaser at a tax sale, including the remedies which the law affords him; and the rights and remedies of the land-owner are made equally clear.

If the sale is one which falls within section 6487, *supra*, the purchaser must ask the county or city, as the case may be, to refund him his money, with six per cent. interest; but if the sale is valid, but ineffectual to convey title, there must be a redemption under the provisions of section 6466, *supra*, within two years after the sale, or the purchaser is entitled to a deed.

If this court should declare, in the face of the statute, that if when the sale is made the taxpayer has personal property out of which the tax could have been levied, that that renders the sale of his real estate void, it would be to recognize a class of sales not known to the statute, and leave the purchaser remediless except so far as equity might subrogate him to the rights of the State. And if we would be justified in holding a tax sale void because of the fact that the State had a lien on personal property of the taxpayer, then it would be equally our duty to hold such sale void for any other infirmity appearing in the proceedings leading up to and into the sale as made, and thus by judicial legislation we practically strike from the statute sections 6466 and 6488, *supra*. But we think this court has virtually settled the questions here involved. In *Morrison* v. *Jacoby*, *supra*, ELLIOTT, J., speaking for the court, said: "Lands of the appellees were sold for taxes and bought by the appellant Morrison. Certificates were issued to him by the proper officer. From these sales the appellees seek relief in this suit. Their complaint shows that the sales were ineffectual to convey title, but it does not show that the lands were not subject to taxation, nor that the description was not sufficient to identify the land, nor that the taxes had been paid. The relief

prayed is an injunction against the appellants, restraining the officers from executing a deed to Morrison on the certificate issued to him. * * * An illegal sale may be avoided and the acquisition of title prevented where there are irregularities in the proceedings of the officers; but the avoidance of the sale for such cause, or for similar causes, does not destroy the lien of the State, to which the purchaser is subrogated. A sale may be totally ineffectual to convey title and yet carry the lien. The only causes which will so completely impair the efficacy of a sale as to destroy the lien are those specifically enumerated in the statute. The policy of the law is to compel the payment of taxes, and to attain this end, penalties are imposed upon the citizens who fail to pay their taxes as the law requires. It is obvious that if no penalty were attached there would be no compulsion, and revenues essential to the conduct of the government could not be collected. Recognizing this principle, we have in many cases held that, although a sale may not be sufficient to carry title, it will nevertheless be sufficient to carry a lien, and with it the right to the *penalty provided by law.*"

We pause here to inquire what is the penalty provided by law? The answer must be, where the taxpayer seeks to remove the lien from his property, at any time after the sale, before the expiration of the two years (when the purchaser is entitled to a deed), the purchase-money named in the certificate, the costs of the sale, and ten per centum in addition where the redemption takes place within six months from the day of the sale; if, after six months, and within one year, the purchase-money, costs of sale and fifteen per centum; if, after one year, and within two years, the purchase-money, costs of the sale, and twenty-five per centum addition, as provided in section 6466, *supra.*

The statute will be examined in vain for any other provision which meets the case; and from the number of times that the court in the case above refers to the said section, it

is evident it had its provisions in mind when referring to the lien and penalty provided by law.

We may add further, right here, as a circumstance tending strongly to support our conclusion, that the law, in fixing the rights of the parties after the tax deed is executed, recognizes no difference in sales not absolutely void by virtue of the provisions of the statute.

In *St. Clair* v. *McClure*, 111 Ind. 467, this court said, through NIBLACK, J.: " In the recent case of *State, ex rel,* v. *Casteel*, 110 Ind. 174, it was, upon full consideration and a careful review of our decided cases, held that, under section 6487, R. S. 1881, when construed in connection with other provisions relating to the same subject, there were only *three contingencies* in which the sale of lands for delinquent taxes is absolutely void—that is to say, ineffectual for any purpose— the first being where the lands shall not have been liable to taxation ; the second where the taxes have been paid before the sale ; and the third where the description on the tax-duplicate is so imperfect as to fail to identify the land.   It was further held that under the succeeding section (6488), the lien which the State has on the lands so sold, is, in *all other cases,* transferred to, and vested in, the purchaser, his heirs or assigns ; and that, in case the sale fails to convey title, the amount paid by the purchaser may be recovered back by the enforcement of his acquired lien against the lands.   *These holdings led us to the very natural conclusion that no sale of lands for taxes due, which transfers to, and vests the lien of the State in, the purchaser, can properly be treated as, or adjudged to be, a void sale, and to that conclusion we still adhere.*"

In *Scott* v. *Millikan,* 104 Ind. 75 (79), ZOLLARS, J., delivering the opinion of the court, it is said : " It has been held, and properly so, that these statutes do not authorize the purchaser at a tax sale to institute proceedings and enforce such a lien and recover the *increased penalties* during the two years allowed for redemption, but that in an action by the

land-owner, even before the expiration of the two years, the purchaser will be protected." The court further said in that case : " The purpose of these statutes is to facilitate the collection of taxes by *inflicting* penalties upon the delinquent owner, and holding out a *reward* to the purchaser."

The foregoing passages are quoted in *Morrison* v. *Jacoby, supra,* with approval. But in the last named case the court goes on to say : " *The provisions of the statute are in themselves quite clear. The act of* 1881, *with much particularity, provides on what terms land may be redeemed before a deed is executed, graduating the penalty according to the length of time the taxpayer suffers his land to remain unredeemed.* R. S. 1881, section 6466."

In view of the case which the court had before it, which was an action to enjoin the execution of a deed, as is the case now under consideration, what did the court mean in the employment of the language just quoted, if in a case where the sale was ineffectual to convey title, but carried to the purchaser the lien of the State, it did not mean to be understood as holding that there must be a redemption from the sale provided in section 6466 ?

The language would have been meaningless as well as inappropriate ; but in view of the conclusion to which the court arrived, the language is clear, forcible and appropriate to the questions the court had under consideration. But the court goes on to say : " It can not, therefore, be doubted that the policy of our revenue laws is to induce purchasers to buy at tax sales, and to compel the citizens to pay their taxes. For this reason reward is offered the purchaser and a penalty visited on the delinquent citizen. In furtherance of this general policy, the Legislature provided for the security of the purchasers by enacting that if the title failed they should have a lien for *taxes, interest, penalties and costs.*" But we quote further from the opinion in this case, as indicating the mind of the court as to what are the rights of purchasers at

tax sales where the lien is carried to the purchaser but the sale ineffectual to convey title to the real estate : " Our conclusion on this branch of the case is, that the statutes, since 1872, secure to the purchaser at a tax sale, not void for the reasons expressly enumerated in the statute, a lien upon the land upon which the taxes were leviable. This lien, as is evident from the statutes and from our decisions, vests in the purchaser holding under a certificate. R. S. 1881, section 6466; 1 R. S. 1876, p. 124; Acts of 1883, p. 96. If there were any doubt on the general provisions it is dispelled by the clause which reads thus : ' In case the party purchasing the land, or his assigns, fail to take a tax deed for the land so purchased, within six months after the expiration of the two years, no interest shall be charged or collected from the redemptioner after that time.' Section 6466, *supra.* It is a familiar rule of statutory construction, that no word or clause of a statute shall be deemed meaningless if it can be possibly avoided, and this clause would be meaningless if only purchasers holding under a deed were entitled to the benefit of the general statutory provisions."

As we have already said, this case covers the whole ground and decides the questions which we have considered. The reasoning and conclusion of the court are well supported by former decisions of this court therein cited and by cases not cited, and are certainly in accord with the letter and spirit of the statute and the evident intention of the Legislature.

Our conclusion is that as the appellee did not offer to redeem from the sale upon the terms required by said section 6466, the court erred in overruling the motion for a new trial. The case of *Michigan Mutual L. Ins. Co.* v. *Kroh,* 102 Ind. 515, cited by counsel for the appellee, is virtually overruled as to the terms upon which the lien of the State, in a case like the one here involved, may be removed from the real estate of the delinquent land-owner, by the

The City of Logansport *et al. v.* Case.

cases of *Morrison* v. *Jacoby, supra,* and *St. Clair* v. *McLane, supra.*

The judgment is reversed, with costs.

Filed April 5, 1890; petition for a rehearing overruled June 6, 1890.

### DISSENTING OPINION.

MITCHELL, C. J.—The judgment of the court seems to be predicated upon the following propositions: 1. A tax sale, although made in disregard of the most peremptory requirements of the statute, is, nevertheless, not invalid and void, unless the land sold was not liable to taxation, or unless the taxes had been paid, or the description of the land was so imperfect as to fail to describe the property with reasonable certainty, or where the sale was made without authority of law, which is interpreted to mean, where the officer had no power to make the sale. 2. A tax sale, although made in violation of mandatory provisions of the statute, unless the sale was invalid for the reasons assigned above, nevertheless immediately vests in the purchaser the lien which the statute imposed in favor of the State upon the property of the taxpayer. 3. The only manner in which a delinquent taxpayer whose property has been thus sold, although he may immediately or within two years thereafter tender the amount of the taxes, penalties and interest, prescribed in section 6488, R. S. 1881, can remove the cloud cast upon his property by an illegal and unwarranted tax sale, is by submitting to the conditions prescribed or interest enjoined by section 6466, R. S. 1881, and by redeeming his property precisely as if the sale had been in all respects regular and legal.

Without in any manner controverting the validity of the first two propositions, the following reasons and authorities are submitted in justification of this dissent and non-concurrence with the opinion of the court as respects the proposition last stated. That an attempt by a public officer to sell the property of an individual, in violation of law, should,

or by any possibility could, impose upon the owner the necessity of redeeming, or buying back his property, as if it had been lawfully sold, or taken by due process of law, is a proposition which, it is submitted with great deference to the opinion of the court, can not be supported, either in reason or upon authority. An intention to require that this should be done is nowhere to be found in the statute, and if it were, the question would then arise whether or not it was within the power of the Legislature to enact that one whose property had been sold, or subjected to an onerous burden, without due process of law, could be required to accept the alternative of redeeming from an illegal sale, upon oppressive terms, or of losing his property as though it had been sold in conformity to law. That the State may compel the delinquent taxpayer to reimburse the purchaser who has discharged the obligation of the land-owner, and who through the fault of public officers acquired nothing in return, is abundantly settled, but whether a penalty or increased burden can be imposed upon the land of the taxpayer without due process of law, or as a result of an illegal sale, is quite another question.

As is said by an eminent authority, " The Legislature can have no more authority to compel a land-owner to pay a lawless exaction to a third person than it has to compel a like payment to the State directly. The one as much as the other would be robbery." Cooley Taxation, 553.

Any conclusion, therefore, which rests upon the assumption that the Legislature must have anticipated that revenue officers would violate or disregard the law, and make illegal tax sales, and that the statute providing for redemption from tax sales must on that account be applied to all sales indiscriminately, illegal and legal alike, can not be well founded.

As was said by CHURCH, Ch. J., in *Trowbridge* v. *Horan*, 78 N. Y. 439, an intention can not be imputed to the Legislature to visit penalties upon the citizens for not paying the tax upon an irregular assessment. So we say courts can

not ascribe to the Legislature an intention to compel citizens whose property might be sold in violation of law, either to lose it or submit to onerous penalties in redeeming it from invalid or ineffectual sales. In the language of COOLEY, J., " Penalties can not be imposed in respect of the non-payment of taxes which the Legislature assumes are irregular and authorizes the correction of." Cooley Taxation, 305, note. For the same reason redemption in the statutory sense can not be predicated upon an illegal sale. It is altogether unnecessary, however, to inquire what the Legislature had, or had not, the power to do in respect to redemptions from illegal sales, since it seems abundantly clear that no attempt was made to require the owner of property thus sold to make a statutory redemption.

It is settled law that a purchaser at a tax sale either gets the title to the land sold or he gets nothing unless the statute makes provision for his security or reimbursement. Thus it is said : " The purchaser at a tax sale therefore either gets a title to the land subject to the statutory redemption, or he gets nothing. If he receives a deed which for any reason is subject to a fatal infirmity, he will lose what he has paid. This is the rule unless the statute shall recognize an equity in him and provide for it. Sometimes the statute does this by making a provision for the refunding of his money from the public treasury. But sometimes also statutes give him a lien upon the land." Cooley Taxation, 546.

Statutes which make provision for redemption by the owner relate to one subject, while those which recognize the equity of the purchaser, and make provision for his security in cases of illegal tax sales, relate to an entirely different and distinct subject.

It would be idle to enact statutes providing for redemption from sales that are ineffectual to convey title. In such a case the land-owner has lost nothing to redeem. The purchaser is the one whose equity needs protection, and statutes appropriate to that end have been enacted.

No correct conclusion can possibly be reached by confounding statutes which provide for the land-owner with those which make provision for the purchaser. Those relating to redemption rest upon the assumption that the land of the delinquent taxpayer has been sold, and make provision for its redemption, or re-purchase, by the former owner. Those which make provision for refunding, or securing, the repayment of money paid by a purchaser at a tax sale presuppose an invalid or ineffectual sale, in consequence of which the State obtained the purchase-money for which the tax purchaser got nothing in return, out of which arise the propriety and equity of reimbursing or affording him adequate means of reimbursement for money paid into the public treasury. In the one case a valid sale has occurred, and the purchaser has acquired a right, or title, to the land sold, subject to the right of a statutory redemption by the owner. In the other the sale is invalid, or ineffectual; the title to the land is wholly unaffected, but the purchaser having paid his money into the public treasury, and discharged the obligation of the delinquent taxpayer to the State, the State in turn recognizes the equity of the purchaser, and transfers to him the lien which it had on the defaulting taxpayer's land. The purchaser thereafter, until a deed is made as provided by law, is placed in the same relation to the delinquent taxpayer which the State occupied before the sale. His rights are neither more nor less, as we shall see by the authorities later on, than those which the State would have possessed had no sale occurred.

Section 6466, proceeding upon the assumption that land of the delinquent taxpayer has been regularly sold, makes provision whereby he may redeem by paying to the purchaser the amount of the purchase-money, with interest calculated at a very high rate. The purpose of this exaction is twofold. It operates as a penalty upon the delinquent owner, tending to insure greater promptness on his part in discharging his obligation to the State; and, on the other hand, it

stands as an inducement to purchasers to make profitable investments. These considerations are to be understood, as we quote from a learned author, "as referring only to the case of redemption from a *valid* tax sale. If the sale was void, it may be set aside at the owner's suit without redemption. But in that case the rights of the tax purchaser and the amount he is entitled to receive will depend upon a different class of statutes." Black Tax Titles, section 185. This statement is nothing more than the recognition of the difference remarked upon by all the text-writers between statutes which make provision for redemption and those which provide for the reimbursement of the purchaser at an ineffectual tax sale. It is pertinent, therefore, to inquire what provision has been made for the security of those who purchase real estate at a tax sale which is so far invalid as to be ineffectual to convey the title to the purchaser. Section 6488, R. S. 1881, which with the preceding sections relating to invalid tax sales, has been in force, without substantial modification, since 1853, provides, in substance, that if any conveyance of land sold for taxes shall prove invalid or ineffectual to convey title for any cause, except that the land was not subject to taxation, or that the taxes had been paid, the lien which the State has shall be transferred to and vested in the purchaser, " who shall be entitled to recover from the owner of such land the amount of taxes, interest, and penalty legally due thereon at the time of the sale, with interest, together with the amount of all subsequent taxes paid, with interest; and such lands shall be bound for the payment thereof." This statute expresses the right of the purchaser at an invalid tax sale, and the liability of the delinquent taxpayer can by no possibility be greater than the. right conferred by statute upon the purchaser. The two are co-existent and co-extensive, and can not logically be construed otherwise. The effect of an invalid tax sale by force of this section is to invest the purchaser with the lien of the State, and to clearly and specifically define the measure of

his rights and the extent of his remedy. In doing this it also fixes the liability of the taxpayer, because the rights and liability of both are wholly statutory.

Statutes similar in import have been enacted and are in force in most of the States, and their construction by courts has been singularly uniform and without discord until now. The construction thus given has uniformly been in accord with the decision of this court in *Michigan Mutual L. Ins. Co.* v. *Kroh,* 102 Ind. 515, as it is believed the authorities which follow abundantly demonstrate.

In *Gage* v. *Pirtle,* 124 Ill. 502, the Supreme Court having under consideration a statute regulating the reimbursement of purchasers at invalid tax sales substantially like our own, in a case where land had been sold at a tax sale without giving the notice required by the statute of the State of Illinois, after summarizing the provisions of the statute relating to redemptions from tax sales, which is also similar to that in force here, said : " These are the amounts, it is claimed, which were required to be paid here by the above proviso of the statute of 1885. We do not think so. It would not seem reasonable to require the land-owner to pay such amount in order to have set aside a tax deed upon his land which had been wrongfully obtained. It would be equitable that he should refund to the tax sale purchaser the amount paid upon the purchase, and all taxes, charged upon the land, paid by the latter, with interest, and we think that is all that the statute requires to be paid." The statute of Illinois secured to the purchaser at an invalid tax sale " all taxes and legal costs, together with all penalties, as provided by law," as it shall appear the purchaser or his assigns properly paid. Section 6488, R. S. 1881, secures to such a person " the amount of taxes, interest, and penalty legally due thereon at the time of sale, with interest, together with the amount of all subsequent taxes paid, with interest." The statutes are therefore not distinguishable.

The same question was before the same court in *Gage* v.

*Waterman,* 121 Ill. 115. The court, after refuting the contention that the statute relating to redemptions determined the right of the parties, said : " It has been held by repeated , decisions of this court, that the rule of allowing the amount paid at the sale, and also all subsequently paid taxes and assessments, together with interest thereon, is the proper one. *Barrett* v. *Cline,* 60 Ill. 207 ; *Phelps* v. *Harding,* 87 Ill. 442 ; *Smith* v. *Hutchinson,* 108 Ill. 662."

As stated in the head-note, the same court held in another case, that a bill may be maintained to cancel an invalid tax title and certificate of purchase, but the complainant will be required to pay the purchase-money at the tax sale, and all subsequent taxes paid, with six per cent. interest. *Barrett* v. *Cline, supra.*

In *Alexander* v. *Merrick,* 121 Ill. 606, the same rule was enunciated. The precise question here involved came before the Supreme Court of Nebraska in *Dillon* v. *Merrian,* 22 Neb. 151, decided in 1887. That case arose out of the fact that real estate had been sold while the taxpayer owned available personal property. The decision is based upon the statutes regulating redemption from tax sales, and providing for the security of the purchaser in cases of sales ineffectual to transfer title similar in effect to our own. Delivering the judgment of the court, MAXWELL, C. J., said : " The defendant contends that she is entitled to forty per cent. per annum interest on the amount of taxes paid until the time to redeem expired. In *Pettit* v. *Black,* 8 Neb. 52, it was held that where the sale of the land was invalid the tax purchaser would be subrogated to the rights of the county. In effect, there was no valid sale. The purchaser therefore simply acquires the lien possessed by the county, which would entitle him to interest at the rate of one per cent. per month. *Lynam* v. *Anderson,* 9 Neb. 367 ; *Jones* v. *Duras,* 14 Neb. 40. There having been no valid sale of the land the tax purchaser is subrogated merely to the rights of the county, and is not entitled to the rate of interest claimed."

In *Barke* v. *Early,* 72 Iowa, 273, the rule, as established by numerous decisions of the Supreme Court of Iowa, is reiterated to this effect : In an action to set aside a sale for taxes, for failure to comply with a provision of the code, the plaintiff was properly required to pay the amounts for which the lands were sold, with the penalty and interest thereon, the same as if there had been no sale, and the plaintiff was paying the delinquent taxes to the county. BECK, J., pronouncing the judgment of the court, said : " The doctrine recognized by this court appears to be this : Where the tax is valid and enforceable against the land, and the sale is void or voidable, the tax, with penalties, may be recovered by the purchaser at the sale, in an action against the owner. * * * These rules are supported by the following reasons : In case the land may be sold for the taxes, the taxpayer stands in the position of a delinquent whose land is subject to tax sale. He ought in that case to be liable as a delinquent for the interest and penalties which the statute prescribed shall be paid after delinquency. The purchaser takes the place of the county by his purchase." See *Besore* v. *Dosh,* 43 Iowa, 211 ; *Miller* v. *Corbin,* 46 Iowa, 150 ; *Everett* v. *Beebe,* 37 Iowa, 452 ; *Early* v. *Whittingham,* 43 Iowa, 162 ; *Roberts* v. *Merrill,* 60 Iowa, 166.

In *Fix* v. *Dierker,* 30 La. Ann. 175, the rule in the State of Louisiana, as summarized in the head-note, is declared substantially in the following language : A tax sale made without notice is void, and the amount paid by the purchaser, with interest, must be restored to him by the owner before the cloud can be removed from his land. *Hickman* v. *Dawson,* 35 La. Ann. 1086.

In *Hart* v. *Smith,* 44 Wis. 213, an action to have a tax certificate cancelled, it was held, where the tax was invalid on account of irregularities which did not go to the ground work of the tax, that the owner, as a condition of obtaining relief, must pay the amount of taxes fairly and justly assessed, with interest, together with the costs of the suit.

See *Cogburn* v. *Hunt,* 57 Miss. 681 ; *Stetson* v. *Freeman,* 36 Kan. 608. Decisions to the same effect as those above might be cited from many other States, all of which fall in a straight line with each other and with the ruling of the learned court below. Nor is the language of the text-writers any less explicit. " One redeeming," says the author, " from an invalid sale is required to pay the purchaser only the amount of his bid and six per cent. interest thereon." 2 Blackwell Tax Titles, section 722. " If, however," says another, " the owner of land * * * seeks to redeem the same from an invalid tax sale, he is required to pay the purchaser only the amount of his bid with common interest." Black Tax Titles, section 185. See, also, Cooley Taxation, 546. So much for the authorities other than the decisions of this court.

The question under discussion here was not even remotely involved in *State, ex rel.,* v. *Casteel,* 110 Ind. 174. That was a proceeding to compel the auditor of Clay county to refund money paid at a tax sale. It was correctly held that inasmuch as the purchaser had acquired the lien of the State he was not entitled to the remedy sought. In *St. Clair* v. *McClure,* 111 Ind. 467, no question touching the amount required to be paid by the owner of land sold at an invalid tax sale in order to remove the cloud from his title is suggested. The same may be said of *Morrison* v. *Jacoby,* 114 Ind. 84. Two points, and two only, are decided in that case. One was, that a purchaser at a tax sale, which is ineffectual to convey title, although he had only a certificate of purchase, is invested with the lien of the State, by the terms of section 6488, above quoted. The other, that a complaint by a land-owner to enjoin the execution of a deed to the purchaser is insufficient unless it shows a sufficient tender, and that the tender was kept good by bringing the money into court.

That the opinion declares the law accurately on both the points involved and decided is beyond controversy. It is

true some reference appears to have been made incidentally to redemptions from tax sales under section 6466 ; but it is submitted that an examination of the record and opinion fully discloses that no question relating to the amount which the purchaser at an invalid tax sale was entitled to receive was either involved or considered.

The only case decided by this court in which the direct question now under consideration was involved, is *Michigan Mutual L. Ins. Co.* v. *Kroh, supra.* In that case a taxpayer whose land had been sold in violation of the statute tendered the purchaser, who held a certificate of purchase, merely "the amount of taxes, interest and penalty legally due thereon at the time of sale," as provided in section 6488. In that case, as here, it was insisted that the redemption should have been made under section 6466, and it was held, in effect, that inasmuch as the sale was invalid the purchaser was merely subrogated to the rights of the State, and that until he had received a deed he was entitled to receive only the amount specified in section 6488, viz., the taxes, penalties and interest paid by him, together with six per cent. interest thereon. It is now respectfully submitted that *Michigan Mutual L. Ins. Co.* v. *Kroh, supra,* is in strict accord with the rule laid down by all the text-writers on taxation, and that it is in harmony with every adjudicated case on the subject except the one now decided by the court. The judgment in the case cited rests upon the assumption that the language found in section 6488, to the effect that the purchaser at a tax sale who fails to acquire title shall be entitled to enforce a lien upon the land for the amount of the taxes, penalties and interest due thereon at the time of sale, together with interest, was to be regarded as expressing the intention of the Legislature in respect to the rights of the purchaser at such sale and the liability of the delinquent taxpayer.

The conclusion reached by the court in the present case seems to be predicated upon the assumption that in order to arrive at the legislative intent in the respects mentioned, sec-

tion 6466, which relates to statutory redemptions, must be carried forward over twenty-two intermediate sections, and amalgamated with section 6488, which relates to affording security for, and defining the rights of, a purchaser at an invalid tax sale.

From this I dissent, and conclude by adopting the following language from the opinion of the court in *Gage* v. *Pirtle, supra,* a case in every way parallel with the present: " Had it been the intention that the land-owner should pay an amount equal to the sum which would had to have been paid upon redemption of the land from the tax sale, it would have been quite easy to have so said in plain terms, instead of expressing such purpose in the blind and roundabout way of this statute." To hunt for the intention of the Legislature by a hidden, circuitous route when it is plainly and directly expressed, is not admissible.

