MARY S. REID ET AL. v. YAZOO & MISSISSIPPI VALLEY
RAILROAD CO.

TAX TITLE.  *Invalidity.  Recovery of taxes paid.  Lien.*

> A purchaser at tax sale, who pays taxes, believing the land to be
> his own, can, after his title is defeated by the real owner, enforce
> a lien on the land for the amount of the taxes paid by his pur-
> chase, and subsequently paid by him before the invalidity of his
> claim is adjudicated.

FROM the chancery court of Quitman county.

HON. A. H. LONGINO, Chancellor.

The facts are stated in the opinion.

*J. A. P. Campbell,* for appellants.

The right asserted by the bill is purely statutory.  The con-
stitution, sec. 160, has nothing to do with it, and, if it is not
brought by the bill within § 3830 of the code, it cannot be
maintained.   The case of *Ingersoll* v. *Jeffords,* 55 Miss., 37,
was held to be within the statute.

The bill is fatally defective in not averring that the sole and
only title of complainant was a tax title, and that it had been
canceled.   It is true that the bill shows that the complainant
had a tax title (a perfect one it claims), but what other title or
claim of title it may have had, or on what of many conceivable
grounds it may have been assailed and vacated, is not shown
by it.   It seems the bill is wholly insufficient to bring the case
within the statute, which is necessary to the enforcement of
the purely statutory right.

*Fitzgerald & Maynard,* on the same side.

Appellants did not assail or impeach the claim of the appellee,
which they sought to have set aside, and which was set aside,

as a cloud on appellants' title as a defective tax title.    Appellants' bill to remove the title or claim of the appellee as a cloud on their title, made no allegation whatever that the appellee's claim was a defective tax title.    Appellants' is a general decree, quieting their title as against any claim held at its rendition by the appellee, and we quote as strictly applicable to this case, and clearly decisive of it, the following from *Indiana, etc., Railroad Co.* v. *Allen*, 3 Am. St. Rep., 652: "Many authorities support the doctrine that a decree in an action to quiet title effectually adjudicates all claims to an interest in the land, whatever their character, existing at the time the decree was rendered, and not protected by it."    A general decree to quiet title settles all questions affecting the right of the owner to enjoy his land, whatever their form or character.    We can find no decision asserting a different doctrine, nor have counsel referred to a single case that suggests a different rule.

*Mayes & Harris*, for appellee.

We rely upon the cases of *Cogburn* v. *Hunt*, 56 Miss., 724; *Preston* v. *Banks*, 71 Miss., 601.    These cases are conclusive of the right of appellee to have the relief prayed for.    Our adversaries' propositions, boiled down, are these: That those cases only hold that taxes may be recovered, and recovered by a separate and subsequent proceeding, where the original proceeding was a bill to cancel tax titles; that their original bill and their final decree did, neither of them, speak of tax titles, but were a general assault on and removal of all such claim as existed in appellee; that, consequently, the record not showing that the appellants obtained their decree because of a defective tax title held by appellee, the rule of those cases does not apply.

The whole argument assumes that the rule laid down in the cases cited above is special and exceptional, as a peculiar part of our revenue laws distinctively, and that, in order to obtain the relief prayed for, the complainant must show that his title failed because, and because only, it was a defective tax title,

while, in truth, those cases only applied to the special conditions a broader principle. That principle may be roughly formulated thus: In all cases in which one pays taxes on the lands of another, provided that in doing so he is not a mere volunteer, he is entitled to be subrogated to the liens of the taxes paid, and it is not true that such is the case only where he has bought a defective tax title, which is canceled in his hands.

This is shown, amongst others, by the case of *Ingersoll* v. *Jeffords*, 55 Miss., 37. In that case it is true that Jeffords had held a tax title, but that title had been disposed of by a decree of the bankrupt court, and the taxes paid by him were paid after such vacating of his title, and were so paid because the lands were assessed to him. The court held that he was not a volunteer, and decreed those subsequently paid taxes to be a lien in his favor.

Our codes expressly provide that, even in ejectment, the unsuccessful defendant may in all cases (and this, of course, means in every case in which he shall be determined to hold the weaker title) propound and recover taxes paid by him, including interest, costs and damages incident to such taxes. The privilege extends to every case of ejectment by title paramount, and the only restriction is that the defendant must have paid the taxes lawfully, which is to say, that the taxes must be in fact lawful taxes, and the payment must not have been as a mere volunteer.

Even if it were the law that a complainant is only entitled to a decree for taxes paid when his title is canceled as a defective tax title, such rule would be no answer to this bill. The title canceled was a tax title, and appellants having assailed it, and having got the court below to cancel it on the ground that it was defective and beclouding as against their own title, cannot now be heard to argue that we have been cut out of a substantial right because it may have been a good title. They cannot blow hot and cold in the same transaction.

Stockdale, J., delivered the opinion of the court.

Appellee filed its bill of complaint in the chancery court of Quitman county to collect certain taxes alleged to be due it on lands situated in Quitman county (describing them), now owned by appellant, to which bill of complaint the defendants below (appellants here) demurred, which, being overruled, they appealed the cause to this court.    Complainants allege, in their bill, that on October 3, 1881, the Memphis & Vicksburg Railroad Company purchased from Gwin and Hemmingway, commissioners appointed by the chancery court of Hinds county in the case of *Green* v. *Gibbs et al.*, 4,120 acres of land, then situated in Tunica county, now in Quitman county, describing the same by numbers, etc.; that afterwards the Louisville, New Orleans & Texas Railroad Company, having acquired, by consolidation and merger, the interest of the Memphis & Vicksburg Railroad Company therein, purchased all of said lands from the State of Mississippi; that appellee, believing it had a good title to said lands in.1881, paid the taxes thereon from that date up to and including the year 1894, in good faith, which taxes, with damages and interest added, amounted to $4,158.17, as per statement, etc.; that on the twenty-first day of October, 1891, the defendants in said cause, Mary S. Reid *et al.*, filed their original bill against the said railroad company (appellees here) to have the title of said railroad company canceled as a cloud upon their title, which they alleged to be good, and the said railroad company, failing to answer said bill, the complainants therein obtained a *pro confesso* and final decree canceling said title of the railroad company; that in March, 1892, the said railroad company (appellee) filed its bill to set aside the said *pro confesso* and final decrees, which said cause came to this court on appeal, and the bill was finally dismissed here in March, 1895, and said complainant's title adjudged to be invalid and canceled; that complainants had acquired, by their said purchase, the title that the state held to said lands, which title the state.acquired by a tax sale made on the eighteenth day

of January, 1872, and twenty-second day of January, 1873, by the tax collector of Tunica county to the levee board No. 1, which title afterwards vested in the state by operation of the statute of 1876.

Under this state of facts, complainant below (appellee here), having succeeded to all the rights of Louisville, New Orleans & Texas Railroad Company, filed its bill to enforce a lien upon the said lands in its favor, for taxes paid on said lands and damages thereon from 1872 until 1894, claiming that it is entitled to recover, in addition to the taxes paid out by it during its ownership of said lands, and damages and interest thereon, the amount for which said lands were sold to No. 1 levee board in 1872 and 1873, with fifty per centum damages thereon and interest to date, amounting in all to $8,321.54; and also to recover the still additional sum of $5,000—state and county taxes suspended during the period from 1872 to 1881, while No. 1 levee board held the lands, the whole claim amounting to $13,321.54.

To this bill the defendants below interposed a demurrer, disputing the right of complainant to recover anything, or to have any lien upon said lands, on the showing made by its bill of complaint.  The chancellor overruled the demurrer, and required defendants to answer within thirty days, and defendants appealed from that decree.

The allegations of the bill, being admitted by the demurrer, show that appellees purchased, in 1881, whatever title the state had, which the bill alleges was a tax title acquired through the purchase of said lands by No. 1 levee board, in 1872–73, and that it paid the taxes thereon from 1881 to 1894 in good faith, and that, in 1891, its title was declared to be invalid and canceled.  We think these averments are sufficient to retain the bill in court for the purpose of ascertaining the amount of such payments, if any, and adjusting the rights of the parties.

The bill, however, fails to show that appellee paid the amount for which the lands in question were sold to No. 1

levee board, or that it paid the $5,000 abated taxes, for which sums it claims reimbursement, and it cannot recover those sums nor any part thereof. The bill fails to show any legal liability on itself to pay the taxes on said lands after December 16, 1891, the date of the decree canceling its title, and appellee cannot recover nor have a lien on said lands for taxes paid after that date. It has not brought itself within the statute as construed in *Ingersoll* v. *Jeffords*, 55 Miss., 37.

*The decree overruling the demurrer by the court below is affirmed and the cause remanded for further proceedings in accordance with this opinion, with leave to appellants to answer the bill within sixty days after the mandate of this court shall have been filed in the court below.*