No. 11,075.

## St. Clair et al. *v.* McClure.

Tax Sale.— *When not Void.—Lien of State.—Complaint to Set Sale Aside — Injunction.*—Where a taxpayer has sufficient personal property to pay his taxes at the time his land is sold for that purpose, the sale is ineffectual to convey title, but it will transfer to the purchaser the lien of the State, and is, therefore, not absolutely void ; and a complaint to set aside the sale and to enjoin the auditor from issuing a deed on that ground will not lie.

From the Ripley Circuit Court.

*H. C. Jones, E. P. Ferris, J. L. Benham, W. W. Spencer* and *J. S. Ferris,* for appellants.

*D. P. Baldwin, Contra.*

Niblack, J.—Complaint by Samuel McClure against Henry St. Clair and John H. Wernke, auditor of Ripley county, to set aside a sale of lands for taxes, and for an injunction. The complaint averred that the plaintiff was the owner of certain particularly described tracts of land in Ripley county, and that he became such owner, by purchase at a sheriff's sale, on the 7th day of January, 1879; that, on

the 25th day of February, 1881, there stood charged against
said lands, as for delinquent and unpaid taxes, the sum of
$336.59; that said sum consisted of unpaid taxes assessed
against one William Hawthorn, the former owner, for the
years 1872, 1873, 1874, 1875, 1876 and 1877, and taxes as-
sessed against the plaintiff for the current year of 1880, and
penalty, interest and costs; that, on that day, the treasurer of
Ripley county sold such lands to the defendant St. Clair, at
private sale, for said sum of $336.59 to pay such delinquent
taxes; that the said Wernke, who was then auditor of said
county of Ripley, thereupon issued to the said St. Clair a
certificate of purchase, which declared that the latter would
be entitled to a deed for said lands at the expiration of two
years, in the event that such lands should not be sooner re-
deemed; that during said years of 1873, 1874, 1875, 1876,
1877 and the year 1878, the said Hawthorn was the owner
of personal property situate in said county of Ripley, and
subject to levy and sale for that purpose, sufficient to have
paid all the taxes due from him during all those years re-
spectively; that the plaintiff had paid to the treasurer of
Ripley county all the taxes, including penalty, interest and
costs, which had been assessed against him since he had be-
come the owner of said lands; that if the said Wernke should
not be enjoined and inhibited he would, at the end of two
years from the said 25th day of February, 1881, execute and
deliver to his co-defendant, St. Clair, an auditor's deed con-
veying the lands so sold to the latter on account of the non-
payment of delinquent taxes. Wherefore it was demanded
that the sale of such lands to the said St. Clair should be
set aside, and that the said Wernke should be enjoined and
inhibited from either executing or delivering to the said St.
Clair a deed for the lands.

St. Clair and Wernke demurred separately to the com-
plaint, but both of their demurrers were overruled.

Some further proceedings put the cause at issue and led to
the substitution of Nicholas Cornet as a defendant instead of

Wernke, whose term of office had in the meantime expired, and who had been succeeded by the said Cornet. After hearing the evidence the court made a finding for the plaintiff, and entered a decree setting aside the sale to St. Clair and enjoining and inhibiting Cornet from either executing or delivering a deed to St. Clair in accordance with the terms of such sale.

In the recent case of *State, ex rel.,* v. *Casteel,* 110 Ind. 174, it was, upon full consideration and a careful review of our decided cases, held that, under section 6487, R. S. 1881, when construed in connection with other provisions relating to the same subject, there were only three contingencies in which the sale of lands for delinquent taxes is absolutely void—that is to say, ineffectual for any purpose—the first being where the lands shall not have been liable to taxation; the second where the taxes have been paid before the sale; and the third where the description on the tax duplicate is so imperfect as to fail to identify the land. It was further held that, under the succeeding section (6488), the lien, which the State has on the lands so sold, is, in all other cases, transferred to, and vested in, the purchaser, his heirs or assigns; and that, in case the sale fails to convey title, the amount paid by the purchaser may be recovered back by the enforcement of his acquired lien against the lands.

These holdings led us to the very natural conclusion that no sale of lands for taxes due, which transfers to, and vests the lien of the State in, the purchaser, can properly be treated as, or adjudged to be, a void sale, and to that conclusion we still adhere.

Our cases have quite uniformly recognized the doctrine that if the taxpayer has sufficient personal property to pay his taxes at the time his lands are sold to pay them, the sale is ineffectual to convey title; but the rule of decision that the sale of lands for taxes, under such circumstances, transfers to the purchaser the lien of the State, is quite, if not equally, well recognized. *Ward* v. *Montgomery,* 57 Ind. 276;

St. Clair *et al. v.* McClure.

*Flinn* v. *Parsons,* 60 Ind. 573; *Hosbrook* v. *Schooley,* 74 Ind. 51; *Bender* v. *Stewart,* 75 Ind. 88; *Lawson* v. *Hilgenberg,* 77 Ind. 221; *Sloan* v. *Sewell,* 81 Ind. 180; *Parker* v. *Goddard,* 81 Ind. 294; *Crecelius* v. *Mann,* 84 Ind. 147; *Jenkins* v. *Rice,* 84 Ind. 342; *Schrodt* v. *Deputy,* 88 Ind. 90; *Locke* v. *Catlett,* 96 Ind. 291; *Hilgenberg* v. *Board, etc.,* 107 Ind. 494; *Ludlow* v. *Ludlow,* 109 Ind. 199; *State, ex rel.,* v. *Casteel, supra.*

This doctrine, and the rule of decision stated, rest upon the established theory that where a taxpayer owns both real and personal property, the latter is primarily liable for all the taxes assessed against him, but that a lien nevertheless attaches to the real estate for accruing taxes, by which it becomes secondarily, and, if need be, ultimately, liable for the payment of such taxes, and upon the further theory that the lien which so attaches is not divested by the failure of the proper officer to seize and sell personal property, but is transferred to, and vested in, the purchaser when the real estate is sold for the non-payment of the taxes.

It follows that the complaint did not state a sufficient cause either for setting aside the sale to St. Clair, or for an injunction against the auditor, and that, in consequence, both demurrers to it ought to have been sustained.

The judgment is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.

Filed May 24, 1887; petition for a rehearing overruled Sept. 28, 1887.