Gable *et al. v.* Seiben.

Filed March 30, 1894.

———————◆———————

No. 16,684.

GABLE ET AL. *v.* SEIBEN.

PLEADING.—*Complaint.—Tax Lien.—Presumption.—Clerical Error — Supreme Court Practice.*—Where, in an action to enforce a tax lien, the complaint alleges that the tax sale was made by the auditor, whereas the law requires such sale to be made by the county treasurer, the court will presume in favor of the regularity of the proceedings, and that such statement was a clerical error, which, on appeal, will be deemed to have been corrected.

SHERIFF'S SALE.—*Right of Purchaser to Redeem from Tax Sale.—Real Estate.*—The holder of a sheriff's certificate of sale of real estate may, to protect his interest, redeem said land from a sale for taxes.

TAXES.—*Lien for.—How Removed.*—The fact that some one is personally liable for taxes does not of itself relieve the real estate of the tax lien; that lien can only be removed by the actual payment of the taxes.

From the Blackford Circuit Court.

*J. Cantwell* and *S. W. Cantwell*, for appellants.

*D. H. Fouts* and *A. M. Waltz*, for appellee.

HOWARD, C. J.—The complaint in this case shows that at the regular sale of lands for delinquent taxes, in February, 1890, the auditor of Blackford county sold certain described lands to the firm of Cantwell & Cantwell.

Gable *et al. v.* Seiben.

On December 27, 1890, the same lands were sold by the sheriff on foreclosure of a mortgage, and were purchased by the appellee, to whom the sheriff executed a certificate of purchase.

On January 31, 1891, the appellee, as holder of said sheriff's certificate, redeemed said lands from the tax sale of February, 1890, by paying to the auditor the amount then due thereon to Cantwell & Cantwell, being $117.90.

On December 26, 1891, the appellants, as judgment creditors, redeemed said lands from the sheriff's foreclosure sale, and became the owners, but failed, and have ever since failed and refused, to pay to appellee the amount paid by him in redemption of said lands from tax sales.

Prayer, that the amount so paid by the appellee be found a lien on said lands, that the same be foreclosed, and the lands, or so much thereof as may be necessary, be sold to satisfy such lien.

A demurrer to this complaint was overruled.

The appellants answered, setting up substantially the facts alleged in the complaint, showing also how they became junior judgment lien-holders and entitled to redeem from the sheriff's foreclosure sale, and that they were not owners of said land prior to their said redemption, and not in any manner liable for the taxes for which the land had been sold. The answer avers further that one Fisherback, who owned the lands at the time said taxes accrued, is personally liable for said taxes, and that he has, at all times since such taxes accrued, had personal property subject to execution amounting to more than double the amount paid by appellee in redemption of said lands from such tax sale. Defendants, therefore, aver that appellee's payment of said taxes by redemption was a voluntary payment and created no lien on said lands.

To this answer a demurrer was sustained.

It is contended that the complaint is defective, inasmuch as it is alleged that the tax sale, in February, 1890, was made by the auditor, whereas the law required that such sale should be made by the county treasurer. It does not appear that this objection was raised on the trial. It is besides alleged in the complaint, that this sale was made by the officer "at his regular sale of lands in said county for delinquent taxes." While section 6459, R. S. 1881, requires that the treasurer should make the sale of lands for delinquent taxes, yet it is also provided in section 6463, that "the county auditor shall attend, either in person or by deputy, as the clerk of the sale of such delinquent lands," and section 6464 provides that the certificate of such sale shall be made out and delivered to the purchaser by the county auditor. Both treasurer and auditor therefore must attend as the officers of such sale, and presuming that these officers each performed their required duties, it is apparent that the statement that the auditor made the sale was an inadvertence of the pleader, which might have been corrected at the trial of the cause. Mere clerical errors which leave no doubt as to the intention of the pleader, will be considered as corrected. *Landon* v. *White*, 101 Ind. 249; *Indiana, etc., R. W. Co.* v. *Dailey*, 110 Ind. 75; *Warbritton* v. *Demorett*, 129 Ind. 346.

Besides, such an error, even if it occurred, would not be sufficient to render the sale, regular in all other respects, void. Irregularities in a tax sale, as very often decided, will not divest the tax lien which the State holds upon the land sold.

The important question for decision is whether the holder of a sheriff's certificate of sale of real estate may, to protect his interest, redeem said land from a sale for taxes. We think he can.

Gable *et al. v.* Seiben.

Section 6466, R. S. 1881, provides that "the owner or occupant of any land sold for taxes, or any other person having an interest therein, may redeem the same at any time during the two years next ensuing."

That the owner of a sheriff's certificate of sale of real estate has an interest in such real estate seems too plain for argument. The fact that such interest may not ripen into ownership by reason of redemption from sale or other cause does not show that the interest is not a real one.

The section of the statute last cited provides that the sum to be paid in redemption shall be the amount of the purchase-money and all costs, "together with ten per centum in addition" as a penalty. If the redemption is made after six months, and within one year, the penalty is increased to fifteen per centum, and if redeemed after one year the penalty is twenty-five per centum. The redemption made in this case by the appellee was made within one year from the sale, and so resulted in a saving of ten per cent. penalty. This saving of penalty, while made in appellee's own interest as holder of the sheriff's certificate, nevertheless was in the ultimate interests of the owner of the land, by whom the tax lien would otherwise have to be paid, with twenty-five instead of fifteen per cent. penalty. Appellants being themselves thus benefited by appellee's redemption, seem hardly in a position to complain of such redemption.

That Fisherback, the owner of said land at the time of the tax sale, should be liable for the taxes, does not seem to be sufficient to defeat appellee's lien. Even though Fisherback was primarily liable for the taxes out of his personal property; yet, as provided in section 6446, R. S. 1881, "the lien of the State for all taxes * * * shall attach on all real estate * * * and such lien shall be perpetual * * * in each case until payment."

The fact that some one is personally liable for the taxes

does not, of itself, relieve the real estate of the tax lien; that lien can be removed only by the actual payment of the taxes. In case the sale should be invalid, even then the lien of the State is not lost, but is transferred to the purchaser.

In this case, consequently, even if the tax sale to Cantwell & Cantwell should have been insufficient to convey title, for the reason that Fisherback was liable for the taxes out of his personal property, yet the lien of the State was not thereby lost, but was transferred to Cantwell & Cantwell, and from them, on redemption, to the appellee. The lien upon the land was, therefore, intact at the time the appellants became its owners by redemption from the sheriff's sale on foreclosure.

It follows that the rulings of the court upon the demurrers to the complaint and the answer were correct.

The judgment is affirmed.

Filed Mar. 13, 1894.