## McCrory *v.* O'Keefe, Treasurer.

[No. 20,136. Filed April 26, 1904.]

TAXATION.—*Collection.*—*Injunction.*—One who seeks to enjoin the collection of taxes must show by allegation and proof either that the property upon which the taxes are assessed is not subject to taxation, or that said taxes have been paid. *p. 536.*

SAME.—*Collection.*—*Injunction.*—If property is taxable, the want of notice, or the insufficiency of notice, or any other irregularity in the assessment, does not entitle the owner to an injunction against the collection of taxes assessed. *p. 536.*

SAME.—*Listing Omitted Property.*—*Indebtedness.*—*Deduction.*—Where a taxpayer, under §8411 Burns 1901, claimed a deduction of a *bona fide* indebtedness from credits sought to be listed for taxation as omitted property, he is entitled to such deduction notwithstanding he failed to claim the same when listing his property for that year with the township assessor. *pp. 536-538.*

From Marshall Circuit Court; *Harry Bernetha,* Judge.

Suit by Francis M. McCrory against William O'Keefe, treasurer of Marshall county. From a judgment for de-

fendant, plaintiff appeals.  Transferred from Appellate Court, under §1337u Burns 1901.  *Reversed.*

*H. A. Logan*, for appellant.
*E. C. Martindale* and *S. N. Stevens*, for appellee.

Monks, J.—Appellant brought this suit against appellee, as treasurer of Marshall county, to enjoin the collection of certain taxes for the year 1900 assessed by the county assessor and placed on the tax duplicate by the county auditor as taxes on omitted property.  The court sustained a demurrer for want of facts to the first and second paragraphs of the complaint and to the amended third and fourth paragraphs of the complaint.  Final judgment against appellant.

The errors assigned and not waived call in question the action of the court in sustaining the demurrer to each of said amended paragraphs of the complaint.

It appears from the amended third paragraph of complaint that the county assessor of Marshall county, on December 30, 1902, after written notice to appellee and a hearing, listed and assessed a note secured by mortgage, held and owned by appellee on the 1st day of April, 1900, upon which there was due a balance of $1,500, at $1,500, as omitted property; that the auditor of said county placed the same on the tax duplicate for collection, and the treasurer is attempting to collect the same; that about eight months after the listing of appellee's property for taxation in the year 1900 the county assessor of said county, after notice to appellee and hearing, listed and assessed against him for said year on account of personal property $890 as omitted property, and the same was placed on the tax duplicate for 1900, and he paid the taxes thereon to the treasurer of said county.  It is not alleged that said promissory note upon which there was a balance due of $1,500 on April 1, 1900, was ever listed and assessed for taxation for the year 1900, or that any tax was ever paid

thereon for that year, or that said promissory note was included in the omitted property assessed by the county assessor at $890 on December 30, 1900. As against appellant the presumption is that the county assessor on December 30, 1900, properly listed and assessed said promissory note for the year 1902 as omitted property, and that the same is properly on the tax duplicate in the hands of appellee, as the treasurer of said county, for collection.

One who seeks to enjoin the collection of taxes must show by allegation and proof either that the property upon which the taxes are assessed is not subject to taxation, or that said taxes have been paid. This rests upon the principle that a court of equity will not give any aid to one who seeks to avoid payment of taxes upon taxable property. If the property is taxable, want of notice, or its insufficiency, or any other irregularity or informality does not entitle the owner of the property to an injunction. *Crowder* v. *Riggs,* 153 Ind. 158, 161, and cases cited; Spelling, Injunctions (2d ed.), §645; High, Injunctions (3d ed.), §497. It is evident that the court did not err in sustaining the demurrer to the amended third paragraph of complaint.

The facts alleged in the amended fourth paragraph of complaint and admitted by the demurrer were that the county assessor, after notice and hearing, on December 30, 1902, listed and assessed a note secured by mortgage, held and owned by appellant on April 1, 1900, upon which there was then due a balance of $1,500, at $1,500, as omitted property, and that the same was placed on the tax duplicate for collection; that the said credit so listed and assessed was due and owing to appellant from one Jourdon; that on said 1st day of April, 1900, appellant was justly indebted to Nancy Rose in the sum of $1,500, evidenced by a promissory note secured by mortgage on real estate owned by appellant; that at the hearing before the county assessor he stated all of the foregoing facts, and demanded that the

debt due from him to said Rose for $1,500 be deducted from the balance of $1,500 due him from said Jourdon, but the county assessor refused to make or allow said deduction, on the ground that "he [appellant] had failed to take credit for the same when listing his property with the township assessor for the year 1900;" that prior to the time of the assessment complained of all the property of appellant had been assessed, and he had paid the taxes thereon, except only said $1,500 evidenced by said note and mortgage, and that he was not liable for any taxes thereon for the reason that he was entitled to a deduction for the same amount on account of his indebtedness to said Rose; that he disclosed all the facts alleged in regard to his said indebtedness and credits to the township assessor when listing his property in 1900, and to the county assessor at said hearing.

It is provided in §8411 Burns 1901: "For the purpose of taxation, * * * personal property shall include * * * all indebtedness due to inhabitants of this State above the amounts respectively owed by them whether such indebtedness is due from individuals or corporations, public or private, and whether such debtors reside within or without the State." The form of schedule for the assessment of personal property enacted by the legislature and in force since 1899 requires that the taxpayer's indebtedness, evidenced by promissory notes, for which he claims deduction from credits should be itemized by giving the name of each person or persons to whom he is so indebted, the date of maturity of the same, and the amount. Unless the taxpayer itemizes his indebtedness as required by said schedule, he is not entitled to deduct the same from credits listed by him in said schedule. In this case, however, appellant did not list on the schedule filled out by him in the year 1900 said promissory note on said Jourdon, for a balance due of $1,500, nor did he claim credit in said schedule for the $1,500 note he owed Nancy H. Rose,

He did claim credit therefor at the hearing before the county assessor in December, 1902, when required to appear and show cause why said note on Jourdon for a balance of $1,500 should not be listed and assessed against him for taxation for the year 1900 as omitted property. If said claim for deduction was made at the time and place as alleged in said amended fourth paragraph of complaint, it should have been allowed, if the same was a *bona fide* indebtedness of appellant on April 1, 1900. *Moore* v. *Hewitt,* 147 Ind. 464; *Florer* v. *Sheridan,* 137 Ind. 28, 32, 23 L. R. A. 278.

The legislature no doubt has the power to provide that any person who failed to list any or all of his credits as required by said schedules (§8463 Burns 1901) should not be allowed any deduction for indebtedness, but no such law has been enacted. It follows that the court erred in sustaining appellee's demurrer to the amended fourth paragraph of complaint.

Judgment reversed, with instruction to overrule the demurrer to the amended fourth paragraph of complaint, and for further proceedings not inconsistent with this opinion.