## OWEN CREEK PRESBYTERIAN CHURCH ET AL. v. TAGGART ET AL.

[No. 6,866. Filed October 15, 1909.]

1. TRIAL.—*Interrogatories.*—*When Controlling.*—Answers to the interrogatories to the jury control the general verdict only where they are consistent with one another and are irreconcilably in conflict with the general verdict on some vital matter.· p. 395.

2. BILLS AND NOTES.—*Alteration.*—*Payment.*—*Voluntary.*—The material alteration of a note, without the maker's consent, destroys the note; and a voluntary payment thereof by a stranger extinguishes the debt, and ordinarily creates no implied contract for the maker to repay.. p. 395.

3. EXECUTORS AND ADMINISTRATORS.—*Acts of, in Line of Duty.*— *Payment of Debts.*—*Decedents' Estates.*—*Wills.*—An executor, as· to the settlement of the testator's estate, has the same powers as the testator, and his agreements and arrangements as to the settlement of notes owing by the testator, are binding upon such estate. p. 396.

4. PAYMENT.—*By Stranger.*—*Request.*—*Executors.*—The payment of a decedent's note, by a stranger, or heir, at the request of the · executor, subrogates such stranger or heir to the rights of the payee of such note. p. 396.

5. DECEDENTS' ESTATES.—*Heirs.*—*Payment of Debts.*—*Subrogation.* —The payment of the debts of a decedent by his heirs, without authority from the personal representative, does not extinguish the debt, but such heirs are subrogated to such creditors' rights against such estate. p. 396.

6. DESCENT AND DISTRIBUTION.— *Property.*— *Title.*— *Debts.*— The legal title to a decedent's property descends at his death to his heirs, devisees, or legatees, but his debts constitute an equitable lien against such property. p. 397.

7. BILLS AND NOTES.—*Mutilation.*—*Decedents' Estates.*—*Payment.* · · —*Subrogation.*—Where devisees, at the request of the executor, paid a note executed by the testator, such devisees are subrogated to the rights of the payee of such note, and a mutilation of such note by such executor constitutes no defense. p. 398.

· From Clark Circuit Court; *William C. Utz,* Special Judge.

Action by Almira Taggart and another against Samuel E. Taggart, as executor of the will of James C. Taggart, deceased, the Owen Creek Presbyterian Church and other cred-

itors being permitted also to defend. From a judgment for plaintiffs, defendant creditors appeal. *Affirmed.*

*G. H. D. Gibson, J. K. Marsh* and *E. C. Hughes,* for appellants.

*George H. Voight,* for appellees.

RABB, J.—James C. Taggart died testate in 1905. He left no children or their descendants surviving, but did leave appellee Almira Taggart, his widow. The testator, by his will, appointed Samuel E. Taggart executor of the same, who duly qualified as such, and entered upon the discharge of the duties of his trust.

It appears, from the evidence that the testator, at the time of his death, was the owner, among other property, of a 300-acre farm in Clark county. It also appears that the estate was largely indebted; that, among other items of indebtedness there was a note held by Josiah and Phoebe Crawford against the testator, upon which there was due $2,050. By a mutual arrangement between the executor of the will, the widow and appellee W. Walter Taggart, who it is fair to infer from the evidence was a beneficiary of some kind under the will of the testator, the appellees Almira Taggart and W. Walter Taggart paid the Crawford debt against the estate, and took up the note held by the Crawfords. The executor not only consented that this be done, but was himself a party to the transaction, and personally conducted the negotiations with the Crawfords regarding the matter.

The executor, after the transaction with the Crawfords was closed, in the presence of the appellee W. Walter Taggart, cut the name of the testator from the note, and this act was done, as said executor claimed, as the agent of the appellees Almira and W. Walter Taggart. Afterwards said appellees filed the note as a claim against the estate, and claimed a right to recover from the estate the amount which they had paid to the Crawfords.

The appellants, as creditors of the estate, were permitted to defend. There was a jury trial, and a general verdict rendered in favor of said appellees, and with the general verdict the jury returned answers to interrogatories submitted to it. Appellants' motion for a judgment upon the answers to interrogatories was overruled, as was also their motion for a new trial. The action of the court in overruling these motions is insisted upon as grounds for reversal.

1. If it be conceded that appellants' theory of the case is correct, no error intervened in overruling the motion for a judgment in their favor on the answers to interrogatories. These answers were conflicting and uncertain, and under the well-established rule that such answers can only prevail against the general verdict when they are consistent with each other, and are in irreconcilable conflict with the general verdict on some point vital to sustain the general finding, the ruling of the court below was correct. *McCoy* v. *Kokomo, R., etc., Co.* (1902), 158 Ind. 662, and cases cited.

It is insisted that the evidence is insufficient to sustain the verdict: (1) Because it is shown, without substantial dispute, that the transaction between the Crawfords, the appellees Almira Taggart and W. Walter Taggart, and the executor constituted a payment of the note, and a consequent extinguishment of the debt thereby evidenced, and was not a purchase; (2) that it shows a material alteration and mutilation of the note after its execution, without the consent of the maker, and by and with the consent of appellees Almira Taggart and W. Walter Taggart.

2. We are cited to many authorities in support of the propositions that a voluntary payment of a debt by a stranger extinguishes the same, that no implied contract on the part of the maker to repay the stranger is raised by the law, and that a material alteration of an instrument after its execution, made without the consent of the maker, destroys the legal effect of the instrument. We

recognize the rules laid down by the authorities cited, but we think they have no application to the case presented by the record, and that appellants' theory of the case is incorrect.

When the executor of the will of James C. Taggart duly qualified, he became the personal representative of the testator in all matters connected with the settlement of his estate, including the payment of his debts, and what the executor honestly and in good faith did in the line of his duty is binding upon the estate and all parties interested in the same, creditors as well as heirs, and the rule which appellants cite to support their contention, that a voluntary payment of a debt by a stranger raises no implied promise on the part of the debtor to repay, has this condition attached to it, "that the payment shall not have been made at the request, express or implied, of the debtor." If a debtor requests the payment or is a party to the transaction, he is estopped from saying that he will not repay the party who has, at his request, paid his obligation; and if it be conceded here that the transaction was precisely what appellants claimed it to be, a payment by appellees Almira Taggart and W. Walter Taggart of the estate's debt to the Crawfords, such payment was made upon the suggestion and at the instance of the legal representative of the debtor, the party who in contemplation of the law is his *alter ego,* and the debt was not extinguished, but continued to exist in favor of the party who made the payment; nor can it justly be said that the payment was made by a stranger. It was made by the widow of the decedent, and, inferably, by a legatee or devisee under his will.

An heir, devisee or legatee has a right to pay debts against the ancestor or testator for the purpose of protecting his interest in the property of the decedent, and equity will keep the debt alive for his benefit, and subrogate him to all the rights of the creditor whose debt he has paid.

The legal title to all the property left by a decedent, whether he dies testate or intestate, goes to his heirs, devisees or legatees.    They take the same, however, 6.   charged with the payment of the decedent's debts.

These debts constitute an equitable lien upon the property, and the heir, devisee or legatee holds his legal interest in the property subject to this equitable lien, and he has the right to protect this interest precisely as a purchaser has a right to protect his title by a payment of liens upon the same, which he was not legally bound to pay, and such payments are not regarded as voluntary payments, and when they are made, equity keeps the debt alive, for the protection of the party making it, against all others interested.

In the case of *Chaplin* v. *Sullivan* (1891), 128 Ind. 50, it was held that a purchaser of real estate, from an heir, who pays off a debt of the decedent in order to protect his title, is entitled to be subrogated to all the rights of the creditor whose debt he paid, as against the estate of the decedent; and this is so because such purchaser stands in the shoes of the heirs whose interest he has purchased.

In *Duncan* v. *Gainey* (1886), 108 Ind. 579, it is held that where one has purchased real estate at a void administrator's sale of the same, and by the direction of the administrator paid the purchase price on the debts of the estate, he is entitled in equity to be subrogated to the rights of the creditors.

In this case, appellant does not question that the estate justly owed the debt to the Crawfords, and their whole argument proceeds upon the theory that this just and valid debt against the estate was paid by appellees Almira Taggart and W. Walter Taggart at the suggestion of the executor, and with his consent, for the purpose of preventing the land from being sold at administrator's sale to pay debts.

We think there is nothing in the point made by appellants,

that the note sued upon was mutilated after it was taken up. Whatever was done to the note in the way of mutilation was done by the executor himself. There is no pretense that there was any fraud in the transaction on the part of the executor or the appellees Almira Taggart and W. Walter Taggart, and, from the undisputed facts in the case, the appellees were entitled to recover.

Judgment affirmed.

Watson, J., did not participate in this case.