## HALSTEAD *v.* STAHL.

[No. 6,987. Filed May 16, 1911.]

1. MECHANICS' LIENS.—*Contractors.*—*Who are.*—A contractor is one who undertakes to do specific jobs of work for others without submitting to their control with respect to all petty details of the work. p. 601.

2. MECHANICS' LIENS.—*Contractors.*—Prior to the act of 1909 (Acts 1909 p. 295) a mechanic's lien could not be enforced on behalf of a contractor or subcontractor. p. 601.

3. MECHANICS' LIENS.—*Complaint.*—*Sufficiency for Personal Judgment.*—A complaint by a contractor for services performed for defendant, prior to the taking effect of the act of 1909 (Acts 1909 p. 295), and to foreclose a mechanic's lien therefor, may be sufficient for the recovery of a personal judgment, but not for the foreclosure of such lien. p. 602.

4.  APPEAL.—*Mandate.—Excessive Judgment.—Remittitur.*—Where the judgment appealed from is excessive in a definite sum shown by the findings of the trial court, the excess may be ordered remitted, and if the party refuses to remit, a new trial may be granted.  p. 602.

From Newton Circuit Court; *Charles W. Hanley,* Judge.

Suit by Edwin W. Stahl against Everett Halstead.  From a judgment and decree for plaintiff, defendant appeals. *Judgment affirmed.  Decree reversed.*

*George A. Williams,* for appellant.
*Frank Foltz* and *Charles G. Spitler,* for appellee.

FELT, J.—This suit was brought by appellee upon an alleged oral contract to furnish the material for and to drill and construct a well upon the real estate of appellant, and for foreclosure of a mechanic's lien.  The court found for appellee for $142.45 and $25 attorneys' fees, rendered a personal judgment against appellant for $167.45, and also entered a decree for foreclosure of the lien against appellant's real estate.  From this judgment and decree appellant appeals, and has assigned as error the insufficiency of the first paragraph of complaint and the overruling of appellant's demurrer thereto, also the overruling of the motion for a new trial, which alleged that the finding and judgment of the court were contrary to law.

A contractor is a person who, in pursuit of an independent business, undertakes to do specific jobs of work for other persons, without submitting himself to
1. their control with respect to all petty details of the work.  2 Words and Phrases 1534, 1535; Shearman & Redfield, Negligence (3d ed.) §§76, 77; *Carey-Lombard Lumber Co.* v. *Jones* (1900), 187 Ill. 203, 58 N. E. 347.

Appellee comes within this definition and, suing as a contractor, is not entitled to a mechanic's lien, as
2. the Supreme Court of this State has held that the title of the act under which the mechanics' lien laws

were enacted, by virtue of which his lien is asserted, does not include contractors and sub-contractors. *Indianapolis, etc., Traction Co.* v. *Brennan* (1910), 174 Ind. 1; *Cleveland, etc., R. Co.* v. *DeFrees* (1909), 173 Ind. 717; *Fleming* v. *Greener* (1909), 173 Ind. 260; *Korbly* v. *Loomis* (1909), 172 Ind. 352.

Notwithstanding the complaint is insufficient to warrant the foreclosure of the lien, it states a cause of action on the oral contract sufficient to warrant a personal judg-

3. ment against appellant. A complaint which entitles the complainant to any relief is good as against a demurrer. Appellant has not brought the evidence to this court on appeal. The personal judgment is not erroneous, except as to the $25 included therein as attorneys' fees, the right to which depends upon the validity of the

4. mechanic's lien. The erroneous part of the personal judgment clearly appearing by the finding of the trial court, it may be separated from the correct amount.

It is therefore ordered that the decree of foreclosure be reversed, and that the personal judgment be affirmed, if within sixty days appellee shall enter a remittitur for $25, as of the date of the original judgment. Otherwise the judgment is reversed, with instructions to the lower court to sustain appellant's motion for a new trial, and for further proceedings in accordance with this opinion.