## BARNUM v. RALLIHAN ET AL.

[No. 9,437. Filed May 18, 1916. Rehearing denied October 6, 1916. Transfer denied December 20, 1916.]

1. APPEAL.—*Review.*—*Rulings on Demurrers.*—*Memorandum of Defects.*—*Scope of Review.*—Although the court on appeal, in reviewing the overruling of a demurrer to a complaint, can consider only the defects pointed out in the memorandum required by §344, cl. 6, Burns 1914, its review is not so limited where a demurrer to a complaint is sustained for insufficiency of facts alleged, and it will uphold such a ruling if the complaint is insufficient for any reason. p. 356.

2. TAXATION.—*Tax Sales.*—*Failure to Exhaust Personalty.*—*Sale of Realty.*—*Injunction.*—Where one liable for taxes has personal property in the county out of which his taxes may be collected, he may enjoin the sale of his real estate for the payment of such taxes. p. 358.

3. TAXATION. — *Collection of Taxes.* — *Injunction.*—*Pleading and Proof.*—One seeking to enjoin the collection of taxes must show by averment and proof either that the property upon which the taxes are assessed is not subject to taxation, or that such taxes have been paid. p. 358.

4. TAXATION.—*Collection of Taxes.*—*Resort to Personalty.*—Under §10324 Burns 1914, Acts 1903 p. 49, relating to the sale of property for nonpayment of taxes, personalty is the primary source of funds out of which to pay all taxes, and, if the person liable for taxes has personal property in the county, it is the duty of the officials charged with the collection of taxes to exhaust it before selling the assessed realty. p. 358.

5. TAXATION.—*Taxes on Realty.*—*Death of Owner.*—*Liability of Estate.*—Taxes accruing on realty before the owner's death but

not those accruing thereafter, become a charge against him, as well as a lien upon all his property, and should be paid by his executor out of the decedent's personal estate. p. 358, 359, 363.

6. TAXATION.—*Lien for Taxes.*—*Date of Attachment.*—The lien for taxes attaches to the property assessed upon the date that the taxes accrue. p. 359.

7. TAXATION.—*Tax Sales.*—*Validity.*—Where an owner of land dies leaving ample funds in his estate with which to pay delinquent taxes assessed against his realty in his lifetime, but his executrix fails to pay the same and the county treasurer sells the land to satisfy such taxes but fails in various ways to comply with the law relating to the collection of delinquent taxes and the sale of land therefor, the purchaser could not acquire title to the real estate by virtue of such sale, since there was a failure to follow the law governing the collection of delinquent taxes. p. 359.

8. TAXATION.—*Payment of Taxes.*—*Conditions.*—*Effect.*—*Recovery.* —Where the owner of lands sold to satisfy delinquent taxes tendered to the county treasurer the full amount of money necessary to redeem the land from the tax sale and it was received by him, an attempted imposition of certain conditions in the tender as to a refund of part of the money was of no effect, and on failure to comply with the conditions there could be no recovery of the money so paid. p. 360.

9. TAXATION.—*Tax Sales.*—*Invalid Sales.*—*Rights of Purchaser.*— Where a sale of land for taxes is invalid and ineffectual to convey title because the law for the collection of delinquent taxes was not followed, although the tax was valid and constituted a lien on the realty sold, the lien of the State is transferred to the purchaser at the sale. p. 360.

10. TAXATION.—*Tax Sales.*—*Invalid Sales.*—*Payment of Redemption Money to County Treasurer.*—*Effect.*—The payment to the county treasurer of the amount necessary to redeem land sold for taxes at an irregular sale inures to the benefit of the purchaser at such sale, and satisfies the lien acquired by him. p. 361.

11. PLEADING. — *Complaint.*—*Relief Granted.*—*Prayer.*—The relief to which a party is entitled is determined by the facts averred and not by the prayer of the pleading. p. 361.

12. PLEADING.—*Theory.*—*Determination.*—In determining the theory of a pleading, the relief demanded may be considered in connection with the averments. p. 361.

13. EVIDENCE.—*Public Officers.*—*Performance of Official Duties.*— *Presumption.*—In considering the sufficiency of a pleading, it is presumed that public officials have done and will do their duty unless the contrary appears from the allegations. p. 362.

14. EXECUTORS AND ADMINISTRATORS.—*Accounting and Settlement.* —*Collateral Attack.*—The settlement of a decedent's estate, although irregular or invalid, cannot be attacked collaterally. p. 363.

15. TAXATION.—*Tax Sales.*—*Action to Redeem.*—*Complaint.*—*Sufficiency.*—A complaint, in an action to set aside a sale of land for taxes, is insufficient so far as seeking redemption from the tax sale, where it appears from the averments that the redemption is in legal contemplation already consummated, since there is no need of invoking the power of the court. p. 363.

16. SUBROGATION.—*Payment of Taxes.*—*Liability.*—*Rights of Payor.* —Where an executrix was obligated to pay the taxes on her decedent's realty, but permitted them to become delinquent, and the purchaser of the real estate paid such taxes after final settlement of the estate to prevent the loss of part of his lands, he is entitled to recover the money so paid, on the principle of subrogation, from those who should have paid it. p. 363.

17. EXECUTORS AND ADMINISTRATORS.—*Filing Claims Against Estate.* —*Taxes.*—*Collection.*—While ordinary claims against an estate can only be collected through administration as provided by statute, claims for taxes need not be filed by the county treasurer and may be collected from the administrator out of funds in his hands, or the treasurer may seize and sell property assessed to liquidate the amount due. p. 364.

18. EXECUTORS AND ADMINISTRATORS. — *Claim Against Estate.*— *Failure to File.*—*Liability of Devisees.*—Where the taxes on a testator's real estate should have been paid by his executrix out of the funds of the estate, but she permitted the same to become delinquent, and one purchasing such realty from testator's devisees paid the tax to protect his property, such purchaser, on failure to enforce his claim against the estate for the money so paid, cannot recover such money from the devisees after the settlement of the estate, at least in the absence of a showing that they still have the property received by them in their possession at the time the action was instituted. p. 364.

From Noble Circuit Court; *Emmet A. Bratton,* Special Judge.

Action by Orlo P. Barnum against Timothy Rallihan and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*H. G. Zimmerman* and *Robert W. McBride,* for appellant. *Otto E. Grant* and *George L. Foote,* for appellees.

Felt, P. J.—This is a suit brought by appellant against appellees to set aside a sale of real estate for taxes made by appellee Hines, as county treasurer, to quiet title, and for other relief. The complaint was in one paragraph. The several demurrers of appellees thereto for insufficiency of the facts alleged to state a cause of action against them were sustained, to which appellant duly excepted and appealed from the judgment rendered against him on such ruling.

The errors assigned and relied on for reversal of the judgment are: (1) Sustaining the demurrer of appellee Rallihan; (2) sustaining the demurrer of appellees Mary and Abel Barnum; (3) sustaining the demurrer of appellees Wilbert T. Hines, county treasurer, and Joseph C. Kimmel, county auditor. The other. assignments are unauthorized and present no question.

The complaint is very long and its material averments are, in substance, as follows: On September 10, 1894, one Abel Barnum was the owner in fee simple of the northwest quarter of section 18, in township 34, north of range 10 east, in Noble county, Indiana, and on that date conveyed to appellant by warranty deed the undivided one-half of said real estate, reserving to himself a life estate therein. On March 1, 1910, said grantor was a resident taxpayer of said county and then owned an undivided one-half interest in said quarter section, and other real estate in said county, of the value of $1,000, together with a large amount of personal property of the aggregate value of $30,000. On March 5, 1910, he died testate the owner of said real estate and personal property, and also of other real estate in said county of the value of $5,000. On March 12, 1910, his will was duly probated, by which he devised all his personal property and his real estate in fee simple, to his widow, Mary Barnum, and his son, Abel. Appellee Mary Barnum was appointed executrix of his will, was duly qualified, and she entered upon her duties as such, March 16, 1910. On

April 22, 1910, appellant purchased from the said devisees
their undivided one-half interest in said northwest quarter,
and their deed therefor was duly recorded on April 23,
1910, and appellant is now the owner in fee simple thereof.
On March 1, 1911, the said executrix filed her final report
showing the payment of costs and expenses of administra-
tion, without filing any inventory or showing the amount
of money received or paid out by her or the amount or
value of the estate, which report was approved by the
court on March 22, 1911, and the estate was declared
settled and the executrix discharged from her trust. The
amount of the personal property in the hands of the testa-
trix at the date of her discharge as aforesaid was $30,000.
The taxes for the year 1910 assessed against the undivided
one-half of said northwest quarter section so owned by the
testator as aforesaid on March 1, 1910, amounted to $46.41.
The executrix failed, neglected and refused to pay said
taxes, which became due and payable on the first Monday
in May, 1911, although at all times she had sufficient money
and assets in her hands belonging to said estate out of
which she could have paid the same. The total amount of
taxes assessed upon and charged against said northwest
quarter for the year 1910 was $92.83. On April 29, 1911,
appellant paid to the county treasurer one-half of the first
installment, which was the amount due on his individual
one-half interest owned by him on and prior to March 1,
1910, and thereafter paid the second installment. The
county treasurer at each of said dates issued to appellant
a receipt stating therein the fact that such payments were
made on appellant's former individual interest in such
real estate. The unpaid tax of $46.41 was carried over by
appellee Kimmel, as county auditor, and entered upon the
duplicate tax list for 1911, together with the penalty and
charges, amounting in all to $53.83. At the following tax-
paying time appellant paid all taxes assessed against said

tract of land for the year 1911, but refused to pay the aforesaid delinquent tax, which was not paid and was again carried over and entered upon the tax duplicate for the current year 1912, together with costs and penalties, amounting to $54.03. Thereupon appellee Kimmel, as county auditor, added such delinquent tax to appellant's current tax for the year 1912, aggregating $154.62, charged against said real estate and entered upon the delinquent list of lands for sale in the name of appellant. Thereafter appellee Kimmel, as such auditor, advertised the same for sale for the nonpayment of said delinquent tax amounting to $53.83. On February 10, 1913, appellee Hines, as county treasurer, sold ten acres in the northwest corner of said tract to appellee Rallihan for the sum of $154.62, and said Kimmel executed to such purchaser a certificate of sale therefor.

It is also averred in the complaint that said tax sale was illegal and void, for numerous reasons, in substance as follows: That no demand was ever made by appellee Hines, as county treasurer, upon said devisees, or either of them, for personal property to satisfy and pay delinquent tax, and no effort was made by said treasurer to levy upon and sell any of said personal property. No delinquent list was ever made by said treasurer after the first Monday in May, 1912, of the delinquents for unpaid taxes in said county and certified to appellee Kimmel, as county auditor. The county treasurer did not call upon either of said devisees and demand payment of said taxes or make any return showing diligent search for personal property. No notice of the sale of appellant's lands on February 10, 1913, was given by the county auditor as required by law. The treasurer's sale of said land was made in the interior of the courthouse, and not at the door, as required by law. The quantity of land sold was excessive, being of the value of $1,000. At the time of said sale, and during the entire preceding year of 1912, appellant was the owner and in

possession of personal property in said county of the value of $1,500, and he has fully paid all taxes on his original undivided one-half interest in said northwest quarter section and such one-half interest therein is not subject to sale for said delinquent taxes. On May 5, 1913, appellant tendered to appellee Hines, as such county treasurer, the sum of $172.83, the same being the amount named in the certificate of sale, $154.62, together with ten per centum additional and lawful interest from date of sale. One hundred and nineteen dollars thereof were tendered absolutely and unconditionally, and the residue of $53.83, subject to the condition that, if the same could not be collected from said Mary and Abel Barnum, Jr., on demand or made by distraint or by levy and sale of personal or other property, namely, the real estate derived by them as devisees under the will of said testator, Abel Barnum, or by the necessary and required statutory proceedings against said Mary Barnum, as such former executrix, to set aside her final settlement account, then to be retained for said purchaser, Rallihan; otherwise to be returned to appellant. The aforesaid treasurer has not since the date of said tender made any effort to collect said delinquent tax from said devisees or either of them. Appellee Hines, as such county treasurer, received from appellant on May 5, 1913, the sum so tendered as aforesaid, and has ever since retained, and still retains, the same, by reason of which fact appellant is unable to pay the same into court.

Appellant asks that the court declare said tax sale illegal and void; that it be vacated and set aside and his title quieted against each and all of said defendants; "that the said $53.83 be ordered returned to plaintiff, and said certificate of sale issued to defendant Timothy Rallihan be cancelled; that the defendant Mary Barnum be ordered and required to answer concerning the kind, quantity and value of personal property which came into her hands as executrix of the last will of the testator, Abel Barnum,

also the kind, quantity and value of the personal estate distributed by her on final settlement of said estate and that said defendants Mary and Abel Barnum be ordered and required to answer what disposition has been made by them of said personal estate, the nature, quantity and value of the chattel property remaining in their hands and in said county or in the hands of others, and where situated, and to show cause why the same should not be applied to the payment of said delinquent tax, and the judgment for costs, and for all proper relief.''

The court sustained the several demurrers, and the presumptions in favor of the rulings of the trial court require us to sustain the ruling if we find the complaint

1. insufficient for any reason, whether contained in the memorandum or not, notwithstanding the rule that limits this court to points made in the memorandum in cases where the demurring party complains of the overruling of his demurrer. §344, cl. 6, Burns 1914, Acts 1911 p. 415. *Bruns* v. *Cope* (1914), 182 Ind. 289, 105 N. E. 471, 474; *Boes* v. *Grand Rapids, etc., R. Co.* (1915), 59 Ind. App. 271, 108 N. E. 174, 176. Section 10343 Burns 1914, Acts 1909 p. 158, provides that the lien of the state for taxes ''shall attach on all real estate on the first day of March annually''. Sections 10344, 10345, 10346 Burns 1914 (Acts 1903 p. 49; Acts 1891 p. 199) are as follows: ''10344. All the property, both real and personal, situated in any county, shall be liable for the payment of all taxes, penalties, interest and costs charged to the owner thereof in such county, and no partial payment of any such taxes, penalties, interest or costs shall discharge or release any part or portion of such property until the whole is paid; which lien shall in nowise be affected nor destroyed by any sale or transfer of any such personal property, and shall attach on the first day of March, annually, for the taxes of the year.

"10345. If any such partial payment be made, and the payer desires it to be applied on any particular property, real or personal, the property so designated shall not be sold for the residue of the taxes due, if property of the same description can be found sufficient to make the balance due.

"10346. The treasurer shall receive the tax on a part of any real estate charged with taxes, provided the person paying such tax shall furnish a particular specification of such part and shall pay a like proportion of all the several taxes charged thereon for state, county, road or other purposes; and if the tax on the remainder of such real estate shall remain unpaid, the treasurer shall enter such specification on his return to the county auditor, to the end that the part on which the tax remains unpaid may be clearly known; but such payment shall not discharge any lien of the state, as provided for in this act."

Section 10324 Burns 1914, Acts 1903 p. 49, makes it the duty of the county treasurer to make search and demand for personal property out of which to pay delinquent taxes of each resident delinquent and to make due return setting forth the fact of his search in case he is unable to find personal property out of which to make such taxes.

Section 10354 *et seq.* Burns 1914, Acts 1891 p. 199, provide for the making of a list of lands liable for delinquent taxes, posting, notice and sale.

Section 2901 Burns 1914, §2378 R. S. 1881, provides the order of paying debts and liabilities of solvent estates, the fourth clause of which is as follows: "Taxes accrued upon the real and personal estate of the deceased at his death, and taxes assessed upon the personal estate during the course of the administration."

Section 10340 Burns 1914, Acts 1897 p. 226, provides that "It shall be the duty of every administrator, executor * * * to pay the taxes due upon the property of such decedent * * * and, in case of his neglecting to pay any installment of taxes when due, when there is money

enough on hand to pay the same, the county treasurer shall present to the circuit court or other proper court of the county  *  *  *  a brief statement in writing, signed by him as such county treasurer, setting forth the fact and amount of such delinquency  *  *  *."

When a party liable for taxes has personal property in the county out of which his taxes may be made, he may enjoin the sale of his real estate for the payment of such taxes. *Weaver* v. *Kaufman* (1914), 57 Ind. App. 59, 106 N. E. 398. But where one seeks to enjoin the collection of taxes altogether, he must show by averment and proof either that the property upon which the taxes are assessed is not subject to taxation, or that such taxes have been paid. *Weaver* v. *Kaufman, supra*; *McCrory* v. *O'Keefe,* (1903), 162 Ind. 534, 536, 70 N. E. 812; *Fell* v. *West* (1904), 35 Ind. App. 20, 29, 73 N. E. 719; *Nyce* v. *Schmoll* (1907), 40 Ind. App. 555, 558, 82 N. E. 539; *Beard* v. *Allen* (1895), 141 Ind. 243, 248, 39 N. E. 665, 40 N. E. 654.

Personal property is the primary source of funds out of which to pay all taxes, and, if the person liable for taxes has personal property in the county, it is the duty of the officials charged with the collection of taxes to exhaust it before selling real estate upon which such taxes are a lien. §10324 Burns 1914, *supra*; *Weaver* v. *Kaufman, supra,* p. 60; *Abbott* v. *Edgerton* (1876), 53 Ind. 196, 200; *Cones* v. *Wilson* (1860), 14 Ind. 465; *McWhinney* v. *Brinker* (1878), 64 Ind. 360, 363; *Gable* v. *Seiben* (1894), 137 Ind. 155, 158, 36 N. E. 844.

Where taxes have accrued upon the real estate of a person before his death, they become a charge against him, as well as a lien upon all his property, and such taxes should be paid by his executor or administrator out of the personal estate if sufficient for that purpose. Taxes which accrue on real estate after the death of the owner are not a charge against him in his lifetime, his

estate is not liable therefor, and his administrator or executor is not required to pay them.

By the statute the taxes for each year attach and become a lien upon both real and personal property on the first day of March annually, though the same are not due 6. and payable until the following year, and will not become delinquent until after the first Monday in May. While not expressly so stated, our decisions seem to treat all taxes as accruing on the first day of March when the lien thereof attaches to the property assessed. *Cullop* v. *City of Vincennes* (1904), 34 Ind. App. 667, 670, 72 N. E. 166; *Henderson* v. *Whitinger* (1877), 56 Ind. 131; *Graham* v. *Russell* (1898), 152 Ind. 186, 193, 52 N. E. 806; *Elliott* v. *Cale* (1888), 113 Ind. 383, 404, 14 N. E. 708, 16 N. E. 390; *Cones* v. *Wilson, supra; Schrodt* v. *Deputy* (1882), 88 Ind. 90, 92; *Smith* v. *Kyler* (1881), 74 Ind. 575, 586.

The taxes which accrued and became a lien upon the testator's undivided one-half of the aforesaid northwest quarter section of real estate on March 1, 1910, prior 5. to his death, were a claim against him, and should have been paid by the executrix out of his personal estate.

The complaint avers facts which show that there were ample funds out of which such payment could have been made; that the county treasurer made no search or 7. demand for personal property of decedent out of which to pay the aforesaid taxes; that the sale was not made at the door of the courthouse, and also avers other facts tending to show that the sale was irregular and that the law for the collection of such delinquent taxes was not followed. We therefore hold that on the facts of this case the purchaser cannot acquire title to the real estate by virtue of such sale. *McWhinney* v. *Brinker, supra; Weaver* v. *Kaufman, supra; St. Clair* v. *McClure* (1887),

111 Ind. 467, 469, 12 N. E. 134; *Dixon* v. *Thompson* (1912), 52 Ind. App. 560, 564, 98 N. E. 738.

The complaint also shows that appellant tendered to the county treasurer the full amount of money paid by the purchaser with interest and penalty added. It also 8. shows that he attempted to impose certain conditions as to the part of the taxes he claims should have been paid by the executrix. However, the money was turned over to the county treasurer and he received it as such official. The original tax belonged to the State and it was not affected or bound by the conditions attempted to be imposed upon the treasurer. The State received the money when paid to the official authorized to receive it, and could not be required to refund it to appellant because of the treasurer's failure to comply with the conditions attempted to be imposed upon such official by appellant. The effect of such conditions, if any, was to show that the payment so made was not voluntary, but was made under protest. *Graham* v. *Russell, supra,* 195; *Beard* v. *Allen, supra.*

We thus have a situation where the sale is invalid and ineffectual to convey title, but in such instances the lien of the state is transferred to the purchaser. In this 9. case the owner has paid the full amount of the tax with interest and penalty, and we know of no way by which he may recover any part thereof from the county or state, for though the sale was irregular, the tax was valid and constituted a lien upon the real estate sold, as well as upon the personal property of the testator owned by him at the time of his death on March 5, 1910. §10388 Burns 1914, Acts 1901 p. 366; *Dixon* v. *Thompson, supra; Gable* v. *Seiben, supra; Green* v. *McGrew* (1904), 35 Ind. App. 104, 115, 72 N. E. 1049, 73 N. E. 832, 111 Am. St. 149; *St. Clair* v. *McClure, supra; City of Logansport* v. *Case* (1890), 124 Ind. 254, 24 N. E. 88.

The facts averred show that the sale cannot ripen into a title to the purchaser. The lien on the land which the

purchaser acquired has been satisfied by the payment by appellant to the county treasurer of the amount necessary to redeem from the sale. Such payment inures to the benefit of the purchaser since the state and county have already received the full amount of the taxes from the purchaser at the tax sale.

The relief to which a party is entitled is determined by the facts averred and not by the prayer of the pleading. But, where the court is seeking to determine the theory of a pleading, the relief demanded may be looked to, in connection with the averments, to aid in determining that question. *Sharpe* v. *Dillman* (1881), 77 Ind. 280, 284; *Houck* v. *Graham* (1886), 106 Ind. 195, 202, 6 N. E. 594, 55 Am. St. 727; *Baker* v. *Armstrong* (1877), 57 Ind. 189, 191; *Monnett* v. *Turpie* (1892), 132 Ind. 482, 485, 32 N. E. 328; *Martin* v. *Martin* (1889), 118 Ind. 227, 236, 20 N. E. 763; *Muncie, etc., Traction Co.* v. *Citizens Gas, etc., Co.* (1912), 179 Ind. 322, 329, 100 N. E. 65; *Indianapolis, etc., Traction Co.* v. *Henderson* (1906), 39 Ind. App. 324, 328, 79 N. E. 539; *Sebienske* v. *Downey* (1910), 47 Ind. App. 214, 216, 93 N. E. 1050; *Halstead* v. *Stahl* (1910), 47 Ind. App. 600, 602, 94 N. E. 1056; *Gates* v. *Sweet* (1914), 58 Ind. App. 689, 108 N. E. 881, 883.

While the complaint prays that title be quieted, it is devoid of some of the usual and necessary allegations of such suit, unless such facts be inferred. The prayer is somewhat vague and contradictory and is of little, if any, assistance in construing the pleading. The facts averred, when considered in their general scope and tenor, seem to invoke the equitable powers of the court. Equity looks through form to substance, and the substance here is primarily the restoration of the title to appellant and secondarily the recovery of the part of the taxes appellant claims should have been paid by the testatrix as aforesaid.

*Houck* v. *Graham, supra; Monnett* v. *Turpie, supra; Sharpe* v. *Dillman, supra; Martin* v. *Martin, supra.*

Appellees in their briefs say: "There is no contention that the land in question was not liable to be taxed and no contention that the taxes which had become a lien had been fully paid, unless the payment to the county treasurer be considered an absolute payment to the treasurer for the purchaser, Rallihan. This is probably the legal effect of said payment for the reason that the county treasurer has no authority to accept conditional payments * * * while the legal effect of the facts averred would be to establish an absolute payment and a redemption, the purpose of the pleader as gathered from the prayer of the complaint * * * is otherwise."

We therefore conclude that the complaint as against the purchaser at the tax sale and the county auditor and treasurer is a proceeding in equity to redeem from the tax sale.

It is not shown that either the auditor or treasurer has refused to discharge any official duty necessary to complete the redemption. The averments do show an attempt on the part of appellant to have the final application of a part of the redemption money held in abeyance subject to certain conditions which we have held he could not legally impose. If the complaint showed a failure or refusal 13. of the officials to perform any part of their duties connected with the redemption, it might entitle appellant to some relief. The law presumes that public officials have done and will do their duty until the contrary appears. If they have not made the necessary record to evidence the redemption accomplished by appellant's payment of the money to the county treasurer, we must presume that they will do so, as soon as they are advised of their duty in that respect. The conclusion is not changed by the fact that appellant prays that the treasurer proceed to collect the disputed tax from other parties.

The averments show that the estate of the testator was settled in 1911, and, though such settlement may be irregular or invalid, if directly attacked, it cannot successfully be assailed collaterally or by indirection as appellant is here attempting to do. We therefore hold the complaint insufficient as against the purchaser at the tax sale and the auditor and treasurer of the county, for the reason that the redemption is in legal contemplation already fully consummated and there is no need of invoking the power of the court to do that which is already accomplished.

We have yet to consider the sufficiency of the complaint against Mary and Abel Barnum. As above indicated, the complaint shows that the disputed tax for 1910 should have been paid by the executrix and has, in fact, ultimately been paid by appellant. Appellant did not pay voluntarily but under the necessity of saving himself from the loss of a part of his real estate. He is therefore, by subrogation, entitled to recover the disputed tax so paid by him from the parties who under the law should have paid the same. *Chamness* v. *Chamness* (1912), 53 Ind. App. 225, 229, 101 N. E. 323; *Owen Creek, etc., Church* v. *Taggart* (1909), 44 Ind. App. 393, 396, 89 N. E. 406, *Fast* v. *State, ex rel.* (1914), 182 Ind. 606, 608, 107 N. E. 465; *Cullop* v. *City of Vincennes, supra.* Appellant had the right to pay the disputed tax and enforce his claim for the amount so paid against the estate, if the county treasurer failed to collect the taxes from the testator's estate. What his remedies are under present conditions cannot be determined in this case except as indicated by the averments of the complaint. We have already held that the disputed tax should have been paid by the executrix because it accrued before the death of the testator.

Ordinary claims against an estate can only be collected through administration as provided by statute. Taxes

need not be filed as a claim by the treasurer, and may be collected from the administrator or administratrix out of funds in his or her hands, or the treasurer may seize upon and sell property assessed to provide funds to liquidate the amount due. Appellant cannot in this case enforce his claim against the estate for he is not proceeding on that theory and the estate has been settled. §2828 Burns 1914, Acts 1883 p. 153; §2925 Burns 1914, §2403 R. S. 1881; §2965 Burns 1914, §2442 R. S. 1881; *Rinard* v. *West* (1884), 92 Ind. 359, 365; *Leonard* v. *Blair* (1877), 59 Ind. 510, 514; *Clevenger* v. *Matthews* (1905), 165 Ind. 689; 76 N. E. 542; *Fisher* v. *Tuller* (1890), 122 Ind. 31, 23 N. E. 523; *Cullop* v. *City of Vincennes, supra; Graham* v. *Russell, supra.*

The complaint shows that appellees Mary and Abel Barnum were the devisees under the will of the personal estate of the decedent, which at the time of the settlement of the estate amounted to $30,000. It is not averred that they received the personal property but the fact is a necessary inference from all the facts averred. In view of these averments the question arises, Does the complaint state a cause of action against them? As already shown, claims against an estate cannot be enforced except in the way provided by statute, and the persons failing to so enforce their claims have no personal liability against the heirs or devisees who take the property upon final distribution. The kind and character of the personal estate is not shown, nor is it shown to have been in existence and in the hands of appellees when this suit was begun. If these facts were shown we should feel called upon to determine whether appellant's right of subrogation would preserve to him the lien upon such personal property notwithstanding the payment of the taxes as shown and the satisfaction of the lien upon the land sold, and whether such lien could still be enforced against the specific property in the hands of such devisees. But, in the

absence of such averments, we must conclude that the complaint does not state a cause of action against said appellees, either of personal liability or for the enforcement of a lien against property received by them as such devisees. *McCoy* v. *Payne* (1879), 68 Ind. 327, 333; *Cincinnati, etc., R. Co.* v. *Heaston* (1873), 43 Ind. 172; *Clevenger* v. *Matthews, supra.* Judgment affirmed..

NOTE.—Reported in 112 N. E. 561. Taxation: (a) assessment of, on property of decedent's estate, 56 L. R. A. 634; (b) right of person paying tax to be subrogated to tax lien, 17 Ann. Cas. 1134; (c) recovery of taxes paid, 94 Am. St. 425. Right of one that advances money for payment of debt or incumbrance against decedent's estate to be subrogated to creditor's rights, 11 Ann. Cas. 676; Ann. Cas. 1915C 130. See under (2, 4) 37 Cyc 1285; (3) 37 Cyc 1276; (5) 18 Cyc 420; (6) 37 Cyc 1142; (7) 37 Cyc 1479; (8) 37 Cyc 1415; (9) 37 Cyc 1531; (13) 16 Cyc 1076; (14) 18 Cyc 1192; (15) 37 Cyc 1420; (16) 37 Cyc 443; (17) 18 Cyc 467.